## CARPENTER v. WASHINGTON AND GEORGETOWN RAILROAD COMPANY.

ERROR TO THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

Submitted April 22, 1887. — Decided May 2, 1887.

The charge of the court in this case was eminently favorable to the plaintiff
below, who is plaintiff in error, and, when it is taken in connection with
the testimony, it is clear that the jury found a verdict for defendant on
the ground that the plaintiff was in fault, and that the defendant's agents
used no unnecessary force.

This was an action at law against the defendant in error
for the ejection of the plaintiff in error from its cars by its
servants. Judgment for defendant. Plaintiff sued out this
writ of error. The case is stated in the opinion of the court.

*Mr. C. C. Cole* and *Mr. W. L. Cole* for plaintiff in error.

*Mr. Enoch Totten* and *Mr. Walter D. Davidge* for defend-
ant in error.

MR. JUSTICE MILLER delivered the opinion of the court.

This is a writ of error to the Supreme Court of the District of Columbia.

The defendant in error, the Washington and Georgetown Railroad Company, is a street railroad company doing business in the city of Washington, its road having two branches, crossing each other at right angles at the intersection of Pennsylvania Avenue and Seventh Street. Passengers who had paid their fare on either branch of the road, upon arriving at this crossing, were entitled to receive a transfer ticket, which permitted them, without further payment, to take the other branch in the continuation of their journey.

The plaintiff in error, James N. Carpenter, who was also the plaintiff below, who testified to taking his passage on the Seventh Street branch of this road, got off at this crossing, received a ticket from the agent, who was stationed at that point for the purpose of delivering transfer tickets to passengers who wished to change cars, and took his seat in a car on the Pennsylvania Avenue branch going east toward the Capitol. When the conductor of the car came around to collect tickets, it was found that Carpenter had a transfer ticket which was intended for use on the Seventh Street branch and not on Pennsylvania Avenue. The conductor refused to accept this ticket, and demanded of Carpenter the usual fare charged for riding on that road. After some altercation, Carpenter peremptorily refusing to pay the fare demanded or get off when requested so to do, the car was stopped and the conductor and driver put him off forcibly. He then brought suit against the company. Upon a trial before a jury, a verdict was rendered for the defendant, and the judgment on this verdict, on appeal to the Supreme Court of the District in bank, was affirmed.

The entire testimony is embodied in a bill of exceptions, and no question arises on the admission or rejection of evidence, nor is there much contradiction in it, except that there may be some little difference between the statement of the plaintiff as to the degree of force used to put him off the car

and that of the conductor and driver on the same subject. There were, however, some exceptions taken to the charge of the court, as well as to the refusal to give instructions prayed for by plaintiff. We think, however, that the charge given by the court *sua sponte*, when taken in connection with the verdict of the jury, contains all that need be considered. That charge is embodied in the fifth bill of exceptions, and is as follows:

"And thereupon the court instructed the jury that if they believed from the evidence that the agents of the defendant had made a mistake in giving to the plaintiff a transfer ticket, and instead of giving him a Pennsylvania Avenue transfer had given him a Seventh Street transfer, that the plaintiff was entitled to recover, and that in assessing the damages the plaintiff was entitled to have reasonable damages compensatory for the treatment which he had received, and that the defendant company was bound to see to it that the plaintiff was provided with a proper transfer, and that if the mistake had been made the responsibility therefor rested upon the company and not upon the plaintiff.

"And the court further instructed the jury that if, upon the other hand, they believed that the conduct of the agents of the company was wanton and malicious, and that they had purposely given him the wrong transfer, and that they had maliciously and wantonly ejected him from the car because of personal dislike or animosity, then the plaintiff was entitled to recover, and in assessing damages, in that view of the case, the plaintiff was entitled to recover not only compensatory but vindictive damages, and to this latter branch of the instruction the defendant, by its counsel, then and there objected, and the objection was overruled and an exception was duly noted.

"The court thereupon further instructed the jury that if the jury were satisfied from the evidence that the plaintiff did not get off from the Seventh Street car, as related by him, but that he came from the west-bound Avenue car, with the passengers from that car, and presented himself, with those passengers, to the transfer agent of the defendant, and that the plaintiff received the Seventh Street transfer without objection

or remark, and undertook to ride upon it on a Pennsylvania avenue car, the defendant was entitled to a verdict."

This whole charge, it seems to us, was eminently favorable to the plaintiff. The first point made in it was that if the jury believed from the evidence that the agent of the defendant had made a mistake in giving to the plaintiff a Seventh Street instead of a Pennsylvania Avenue transfer ticket, that then the plaintiff was entitled to recover. It is obvious from the verdict of the jury, which was against the plaintiff, that they did not believe that the agents of the defendant company, at the crossing were responsible for the mistake that had been made there, because in the same connection the court instructed the jury that if they were satisfied from the evidence that the plaintiff did not get off from the Seventh Street car, as related by him, but that he came from the west-bound Avenue car, with the passengers from that car, and presented himself, with those passengers, to the transfer agent of the defendant, and that the plaintiff received the Seventh Street transfer without objection or remark, and undertook to ride upon it on a Pennsylvania Avenue car, that the defendant was entitled to a verdict.

Taking these two charges together, in connection with the testimony, it is evident that the jury founded their verdict upon the hypothesis contained in the latter, namely, that either he did not get off from the Seventh Street car, but came from the west-bound Avenue car, or that he came with the passengers from that car and presented himself with them to the agent of the defendant in a way to lead him to believe that he came from the Avenue car and desired to proceed on the Seventh Street car, which was confirmed by his taking without objection or remark the Seventh Street car transfer ticket. The testimony also showed that Carpenter had travelled a great deal on the cars of the defendant corporation, was familiar with the manner of transferring passengers, and must have known the character of the ticket which was handed to him if he had paid any attention to it whatever.

The remaining portion of the charge was also favorable to the plaintiff, that is, that if the jury believed that the conduct

of the agents of the company was wanton and malicious, and that they had purposely given him the wrong transfer, and that they had wantonly and maliciously ejected him from the car, then the plaintiff was entitled to recover, and in assessing damages he was entitled not only to compensatory but to vindictive damages.

Taking the testimony, which is all set forth in the record and is but little controverted, together with the charge of the judge, we think it perfectly clear that the jury found a verdict for the defendant on the ground that the plaintiff himself was mainly in fault in regard to the mistake in the transfer ticket, and that no unnecessary force or violence was used in ejecting him from the car. This renders a further consideration of the case unnecessary, and

*The judgment of the Supreme Court of the District of Columbia is affirmed.*