# Richmond.

## KNOPF v. RICHMOND, F. & P. R. R. Co.

### February 21st, 1889.

1. CONTRACTS—*Construction—Parties.*—The practical construction put by the parties upon the terms of their own contract is not only to be regarded, but, where there is any doubt, must prevail over the literal meaning of the contract. *District of Columbia* v. *Gallagher,* 121 U. S. 505.

2. IDEM—*Question for the jury—Case at bar.*—Railway company by contract issued to plaintiff an annual pass. On its expiration plaintiff applied for and secured a renewal. On its expiration he did not apply for another;

HELD:
> It is a question for the jury whether it was the duty of the company to issue a renewal without application.

3. CARRIERS OF PASSENGERS—*Contract for carriage—Case at bar.*—Railway company contracted with a firm "in consideration for a ticket entitling either member of the firm, but only one on any train, to a seat on its passenger trains";

HELD:
> Firm entitled to only one ticket, to be presented when any one member took passage.

Error to judgment of circuit court of Caroline county, rendered November 4th, 1887, in an action of trespass on the case, wherein M. M. Knopf is plaintiff, and the Richmond, Fredericksburg and Potomac Railroad Company is defendant. At the trial the plaintiff offered the following instructions:

The court instructs the jury, that under and by virtue of the contract between Knopf Bros. & Co. and the defendant com-

pany, one member of said firm was entitled to ride upon any passenger train of the defendant at any time between Richmond and Quantico so long as said contract remained in force, but only one member of said firm could, under said contract, ride upon the same train at the same time. And if the jury believe from the evidence that at the time of the expulsion of the plaintiff from the defendant's train on the 24th January, 1887, said contract was still subsisting and in force, and that the *defendant* was nevertheless expelled from the train by the defendant's conductor, they must find for the plaintiff and assess his damages at such sum as in their judgment within the amount claimed may be sufficient not only to compensate for pecuniary loss, but also for such sum, in the way of exemplary or punitive damages, as may be adequate to punish for the annoyance, wrong, inconvenience, loss, or damage to credit as may have been sustained by the plaintiff, and to prevent the recurrence of similar conduct by the defendant.

2d. The plaintiff was under no obligation, under the contract, to apply for a renewal of any ticket or pass, but the duty of furnishing the evidence of the right to travel under contract to plaintiffs, so as to save them annoyance, was upon the defendant company.

If the jury believe from the evidence that there was a contract between the plaintiff and defendant company that the plaintiff should have the privilege of riding on any passenger train of the defendant company between Richmond and Quantico, provided that no one of the other members of the firm of Knopf Bros. & Co. were on same train under the same contract at the same time, and that said contract is the paper writing herein inserted (see page 4 for copy of contract), then the meaning of the contract is that the defendant company was to furnish free passage to said plaintiff between the points aforesaid, and to furnish him with all facilities to secure to him such passage free from unnecessary annoyance. And if the plaintiff was ejected from the train or denied passage thereon, as charged in

the declaration, then the plaintiff is entitled to recover, and his measure of damage is measured not only by his actual loss by failure to make his trip, but may be augmented by way of exemplary and punitive damages by the circumstances of the expulsion and the general treatment of the defendant company and its agents to the plaintiff, but said damages cannot exceed the amount laid in the plaintiff's declaration.

But the court refused to give them, and the plaintiff excepted. The court then gave in lieu thereof the following :

1. The court instructs the jury that railroad companies, as carriers of passengers, can adopt all reasonable rules and regulations necessary and proper for the management of their roads, among which are rules requiring passengers to obtain from depot agents tickets entitling them to transportation, or to pay. the usual fare to the conductor on the train, and upon the failure or refusal of the passenger to comply with either one of these requirements, they have the right to expel them from the train, using no more force than may be necessary to do so. (15 Am. R. 422.)

2. The court further instructs the jury that, under the contract in writing submitted in evidence in this cause, there were two correlative mutual or reciprocal duties to be performed— the one by Knopf Bros. & Co. of furnishing gravel as per the terms — said contract, and the other by the defendant company of furnishing to said firm of Knopf Bros. & Co. a ticket entitling either one of said firm, but only one on any train, to occupy one seat and travel on the passenger trains of the defendant company between Richmond and Quantico, and that no one of said firm had the right to ride on the passenger trains of the defendant company by virtue of said contract without the production of said ticket to the conductor when required by him to do so. And if the jury shall believe from the evidence that on the day of the 24th of January, 1887—the day of the alleged ejectment of the plaintiff—the defendant company had failed, by accident or negligence, to furnish to said Knopf Bros. & Co.

the ticket called for by the contract, but that on the morning of that day, and prior to the alleged ejectment of the plaintiff, the defendant company did pass Charles E. Knopf, one of the members of said firm, on the fast mail train which left Milford for Quantico at 8:28 A. M. and returned to Milford at 1:15 P. M., without requiring the payment by him of fare for either passage, and that the train from which the plaintiff was ex- pelled did not leave Milford for Richmond until 9:09 A. M., and did not return to Milford from Richmond until 7:50 P. M. of that day, then the court instructs the jury that the said Charles E. Knopf, having taken the prior passage, and the defendant company having passed him to Fredericksburg and back to Milford without requiring the payment of fare by him, had substantially complied with their contract with Knopf Bros. & Co. and with M. M. Knopf as a member of said firm, and he is not entitled to recover.

3. The court further instructs the jury that if the plaintiff, when he took passage on the 9:09 A. M. train from Milford to Richmond, knew that his brother, Charles E. Knopf, had taken a prior passage on the same day on the 8:28 A. M. train for Fredericksburg, under the contract in evidence given, then, upon his failure or refusal to produce a ticket for his passage or pay his fare, the defendant company had the right to expel him from the train, and the jury must find for the defendant.

4. If the jury believe from the evidence that under the contract between Knopf Bros. & Co. and the defendant company the first ticket given to Knopf Bros. & Co. under the same expired on the 31st day of December, 1885, and on that day the said Knopf Bros. applied to the defendant company for its renewal; and if the jury further believe from the evidence that the second ticket issued under said contract expired on the 31st of December, 1886, and that the time in which it, and all others of like import, should be recognized as valid by the conductors of the defendant company was extended by the said company until the 20th of January, 1887, and that on the 19th of Jan-

uary, 1887, the fact was called to the attention of one of the firm of Knopf Bros., who was traveling on the cars of the defendant company to Richmond on that day, by one of the conductors of the defendant company that his ticket would expire on the next day, and that he had better call at the office of the defendant company in Richmond and have it renewed, and that he declined, failed, or refused to do so, then he is guilty of contributory negligence in not doing so, and his failure to do so was the proximate cause of the expulsion, and the jury must find for the defendant.

6. If the jury believe from the evidence that M. M. Knopf took a seat on the 9:09 A. M. train from Milford to Richmond on the 24th of January, 1887, and refused to pay the usual fare or to furnish the conductor the usual ticket entitling him to one seat from Milford to Richmond, but claimed a seat by virtue of a special contract with the defendant company, which he failed to exhibit to the conductor, and was in consequence thereof expelled from the train by the conductor, using no unnecessary force to do so, then they must find for the defendant.

To which the plaintiff excepted.

The defendant thereupon ask the court to give the following:

5. If the jury believe from the evidence that Knopf Bros., or M. M. Knopf, could, with reasonable exertions or at a trifling expense, have obtained from the defendant company the ticket called for in the contract, and that the plaintiff could thus have saved himself any loss arising from the breach of the same, it was his duty to do so, and he is not entitled to recover.

7. If the jury believe from the evidence that the contract of carriage existing between the plaintiff as a member of the firm of Knopf Bros. & Co. and the defendant company at the time of the alleged expulsion was not a contract implied by law—that is, a contract existing by reason of the defendant company being common carriers of passengers, and as such bound to carry all persons for whom they have accommodation, and who pay the regular fare or present a ticket from one of their agents

entitling them to a seat—but, on the contrary, was a special
contract between Knopf Bros. & Co., of which firm the plain-
tiff was a member, and the defendant company, by virtue of
which special contract alone the plaintiff demanded passage on
the cars of the defendant company, then the plaintiff is not
entitled to recover in this action.

8. The court further instructs the jury that if they believe
from the evidence in this case that the plaintiff is entitled to
recover under the instructions given, and if they shall further
believe that the expulsion was unaccompanied with aggravating
circumstances or wantonness on the part of the defendant com-
pany, then the measure of the plaintiff's recovery is the actual
loss and damage sustained by his expulsion, in which are to be
considered the loss of time, inability to attend to his business,
and such personal inconvenience as is the immediate conse-
quence of the breach of contract, but damages are not to be
included for annoyance and vexation of mind or mental distress
and sense of wrong.

But the court refused, and the defendant excepted.    The ver-
dict and judgment being for the defendant, the plaintiff brought
the case here upon a writ of error.    The remaining case is
stated in the opinion.

*J. G. Mason,* and *E. C. Moncure,* for plaintiff in error.

*A. B. Chandler,* for defendant in error.

LEWIS, P., delivered the opinion of the court.

This was an action of trespass on the case in the circuit court
of Caroline county against the Richmond, Fredericksburg &
Potomac Railroad Company to recover damages for the alleged
wrongful ejectment of the plaintiff, M. M. Knopf, from one of
the passenger trains of the defendant company, on the 27th of
January, 1887.    The plaintiff claimed the right to be trans-

ported by the said company in the train from which he was ejected by virtue of a certain written contract, dated the fourth day of April, 1885, and of which the following is a copy:

This agreement, made and entered into the fourth day of April, 1885, between the Richmond, Fredericksburg and Potomac Railroad Company of the first part, and the firm known and designated as Knopf Bros. & Co., of Caroline county, Virginia, whereof Jacob Knopf, C. E. Knopf, A. G. Knopf, and M. M. Knopf are the individual members, of the second part, witnesseth:

That for and in consideration of the sum of one dollar, paid to the second party by the first party (the receipt whereof is hereby acknowledged), and for the further consideration of a ticket entitling either one of the said Knopfs, but only one on any train, to occupy one seat and travel on the passenger trains of said railroad company between Richmond and Quantico, without charge, that said first party may enter upon and take away from a tract of land lying west of said line of railroad, between it and the Mattaponi river, and opposite, or nearly so, to the turn-out known and designated as Baylor's, and extending from near the north and to near the south end of same, or a few hundred yards beyond these limits in either direction, the gravel required for the purposes of the said first party (but not for sale by the said first party to another), provided that the area of said land taken from said tract in any one year, beginning with the date of this agreement, shall not exceed one-half an acre. It is understood that this arrangement shall continue in any event for one year from said date and thereafter, either until said railroad company shall be double-tracked or voluntarily relinquish the use of and retire from the tract aforesaid, and remove therefrom its tracks and cars, or until the said firm or its members shall sell out, convey, or otherwise relinquish the fee-simple in said tract of land to other parties or persons than any named in this deed, and no longer. And it is covenanted and affirmed by

the said second party that they are the lawful and sole owners of the said tract of land; that they have the right to convey it or any part of it; that they have not given any lien or placed any incumbrance upon the same, and that the first party shall have peaceful possession of the premises for the purposes afore-said, according to the terms of this agreement, which shall be held to cover all claims for damages or compensation incident to connect with or otherwise arising from the removal of said gravel by the party of the first part in executing the work con-templated by this agreement.

Witness the following signatures and seals on the day and year first above written.

KNOPF BROS. & CO.,                    [Seal.]

THE RICHMOND, FREDERICKSBURG AND

POTOMAC RAILROAD CO.,

By E. T. D. MYERS, Gen. Sup't.

[Seal of the company.]

The plaintiff was a member of the firm of Knopf Bros. & Co., and the question is as to the true construction of the said con-tract. The facts are not certified nor is the evidence, and the case turns upon the action of the circuit court, at the trial, in refusing to give to the jury certain instructions asked for by the plaintiff, and in giving certain instructions offered by the defen-dant.

It is clear, we think, that according to the true interpretation of the contract not more than one member of the firm could ride at the same time on the same train, and that not more than one could ride at the same time on any train. The expressed consideration of the contract is "*a ticket*, entitling either one of the said Knopfs, but only one on any train, to occupy one seat and travel on the passenger trains" of the defendant company, which shows with reasonable certainty that not only was the right to be carried restricted to one member of the firm at a time, but that the evidence of that right was to be *a ticket*, to be

presented to the conductor of every train upon which any one of the firm should take passage during the continuance of the contract aforesaid. *The firm* was entitled to "*a ticket,*" and not more than one.

It is admitted that, immediately after the execution of the contract, a ticket, *i. e.,* an annual pass over the road of the defendant company, was issued from the general office of the company to the firm, which ticket, by its terms, was to expire, and did expire, on the 31st day of December of the same year, and that upon its expiration *a renewal of the ticket was applied for by the firm.* It is also admitted that after the expiration of the renewed ticket, no application was made to the company by the firm for a ticket of any kind, and that when the plaintiff was ejected from the train of the defendant as aforesaid, he was on his way to the city of Richmond from Milford station on the defendant's road, and that he offered no ticket to the conductor, or evidence of any kind of his right to ride, and in point of fact had none; nor is it claimed that he was expelled from the train by the use of any greater force than was reasonable and necessary.

The question was discussed at the bar whether or not it was the duty of the firm to have applied to the company for a renewal of the ticket or pass upon the expiration of the one issued for the year 1886, the year preceding the date of the alleged injuries, if it desired such renewal, or whether it was the duty of the company to have furnished it without such application, the contract continuing in full force. The latter view was contended for by counsel for the plaintiff, who insisted that the contract upon this point was ambiguous, and that it should in this particular be construed most strongly against the defendant. We think it was a question which could be properly determined in accordance with the practical construction put upon the contract by the parties themselves, and that the instructions of the court fairly left it to the jury to say what, upon the evidence, that construction was. In a recent case in the supreme court of

the United States it was held that the practical construction which the parties had put upon the terms of their own contract was not only to be regarded, but that it must prevail over the literal meaning of the contract; and the rule is certainly a very just one. *District of Columbia* v. *Gallaher,* 124 U. S. 505. See also *Topliff* v. *Topliff,* 122 Id. 121; *Kidwell* v. *B. & O. R. R. Co.,* 11 Gratt. 676; 1 Greenl. Ev. sec. 293. In *Knick* v. *Knick,* 75 Va. 12, the court, speaking by Judge Burks, said: " Although when the meaning of an instrument is clear, an erroneous construction of it by the parties will not control its effect, yet, where there is doubt as to the proper meaning of it, the construction which the parties have put upon it is said to be entitled to great consideration"; citing *Bank of Old Dominion* v. *McVeigh,* 32 Gratt. 530; *Railroad Company* v. *Trimble,* 10 Wall. 367.

We have carefully examined the numerous instructions which were given to the jury, and also those which were refused, and without commenting upon them *seriatim,* it is enough to say we are of opinion that there is nothing in the action of the circuit court, as disclosed by the record, of which the plaintiff can justly complain. In other words, the case was substantially submitted to the jury in accordance with the views expressed in this opinion. The jury found for the defendant, and the judgment upon the verdict is accordingly affirmed. *Carpenter* v. *Washington, &c., Railroad,* 121 U. S. 474.

JUDGMENT AFFIRMED.