THOMAS ROGERS, PLAINTIFF IN ERROR, v. THE ATLANTIC
CITY RAILROAD COMPANY, DEFENDANT IN ERROR.

1. The regulation of a railroad company that a monthly commutation ticket shall be surrendered by the passenger to the conductor on the last trip taken, during the period for which it is issued, is a reasonable regulation of the railroad company in the conduct of its business as a common carrier of passengers; and if this regulation be endorsed on the ticket, and the passenger holding said ticket fails or refuses to surrender it on his last trip, or pay his fare to the conductor, according to the legally-established rates of the company, he can be ejected from the car.

2. This regulation becomes a part of the contract of the passenger with his carrier, and he forfeits his right to be carried further by his refusal to comply with its terms.

3. If, by any carelessness, inadvertence or casualty, the ticket of the passenger has been lost by him, so that he cannot produce it, the legal fare may be exacted from him, and the conductor is not bound to investigate the excuse of the passenger for its non-production, and determine whether it is made in good faith or not; he has the right to have the ticket produced and surrendered or the fare paid, and if neither event occurs he can expel the passenger.

In error.

For the plaintiff in error, *John W. Wartman.*

For the defendant in error, *J. Willard Morgan.*

The opinion of the court was delivered by

LIPPINCOTT, J.   The plaintiff in error resided at Clementon, in Camden county, about twelve miles from Camden. The business of the plaintiff was in Philadelphia.   He traveled to and fro through Camden as a passenger on the line of the railroad of the defendant.   He had purchased a monthly commutation ticket between the city of Camden and Clementon for the month of December, 1891.   This ticket was good from midnight of November 30th, 1891, to midnight of December 31st, 1891.   The condition or regulation under which the ticket was sold to the plaintiff, as endorsed on the ticket, was

as follows: "This ticket is to be surrendered to the conductor on the last trip taken during the period for which it is issued."

The plaintiff left Philadelphia on the evening of December 31st, 1891, and passed over the river on the ferry, to Camden. He was late for his regular train, and he went out into the city of Camden to wait for a later one. When he returned, in order to reach his train, he passed into the ferry-house and thence to the train. In passing into the ferry-house, instead of exhibiting and retaining his ticket, he dropped it into the box which was there for the reception of ferry tickets. He called the attention of the collector of the ferry tickets, stationed at the box there, to this fact, who told him he would be compelled to pay his fare on the train. He also called the attention of a brakeman and the train starter of the train to the fact that he had dropped his ticket in this box. He also demanded that the box be opened and his ticket given him, but that could not be done, because the box was one which could not be opened at that time. He was told before he entered the train that he would be compelled to pay his fare. The proof in the case does not show that the conductor was acquainted with the fact that he had lost his ticket. He entered the train, and, soon after it had started, the conductor called for his ticket, which he could not exhibit and surrender. The conductor then requested him to pay his fare, which he refused to do. He was then, without any personal injury, ejected from the train, and was forced to spend the night in Camden.

In this action he seeks to recover damages for the alleged wrong and indignity of his ejection from the car of the defendant company.

The above facts were proven in evidence at the trial, and, after the conclusion of the evidence on the part of the plaintiff, on motion of counsel for the defendant, a judgment of nonsuit was ordered by the trial justice, on the ground that the regulation requiring him to exhibit and surrender his ticket to the conductor on this trip was a reasonable and legal

regulation, and that, it being contained in his contract with the defendant company, as he could not, or would not, comply with his contract nor pay his fare, the conductor was justified in ejecting him.

To this judgment of nonsuit an exception was taken, and error has been assigned.

We think that this judgment of nonsuit must be affirmed.

The first question presented is whether this regulation was a reasonable one to be made by the defendant, in the exercise of its business as a common carrier of passengers, to be included in the contract between the carrier and the passenger. That it is a reasonable regulation in view of the character of the business of the carrier, and considering the requirements of, and the mode of, carrying on its business operations, cannot be questioned. It is not denied that this regulation was a part of the contract between the plaintiff and defendant, expressly entered into by both parties.

It is clear in this case that the plaintiff, considering this regulation as a reasonable one, had not performed his part of the contract, in not keeping this ticket to be delivered to the conductor on this trip. His right to ride depended upon the performance of this contract, that is, to surrender his ticket or pay his fare when called upon to do so. This was an exaction which he was called upon to submit to in order to entitle him to a passage. The conductor was not bound to determine whether the passenger had purchased a ticket or not, or whether it had been previously delivered to any other agent of the company. The plaintiff had expressly contracted to relieve the defendant of this sort of examination and adjudication of his rights. As a condition precedent to entitle him to the passage, he must produce his ticket and surrender it or pay his fare, in accordance with his express engagement with the defendant.

Under such a regulation as this, the law seems to be well settled that the passenger must produce his ticket or pay the fare, and upon his failure to do so he may be lawfully ejected, no more force than is necessary being used for that purpose.

A regulation made by a railroad corporation, requiring passengers to exhibit their tickets whenever requested by the conductor, and directing the ejection from the cars of those who should refuse to do so, is a reasonable and proper one. The passenger is bound to conform to such regulation and forfeits his right to be carried further by his refusal to comply with it. *Hibbard* v. *New York and Erie Railway Co.*, 15 *N. Y.* 455 ; *Frederick* v. *Marquette H. and O. Railway Co.*, 37 *Mich.* 342 ; *Duke* v. *Great Western Railway Co.*, 14 *U. C. Q. B.* 369 ; *Pullman Palace Car Co.* v. *Reed*, 75 *Ill.* 125 ; *Ray Imp. Duties Pass. Carr.*, *p.* 183, § 58 ; *Jardine* v. *Cornell*, 21 *Vroom* 485 ; *Carpenter* v. *W. and G. Railroad Co.*, 121 *U. S.* 474.

The ticket is the evidence of the contract of carriage, upon which the conductor had the right to rely, and a rule requiring it to be shown and surrendered must be complied with. *Riply* v. *New Jersey Railroad and Transportation Co.*, 2 *Vroom* 388, 393. If by casualty his ticket has been lost so that he cannot produce it, the company may exact from him the fare according to legally-established rates. *Riply* v. *New Jersey Railroad and Transportation Co.*, *supra.*

It is entirely obvious that any other rule would subject the conductor to the duty of an examination and adjudication of the rights of every passenger who chose to say that he had purchased and lost or mislaid his ticket, or that he had delivered it to some other agent of the company, and from whom the conductor would be entirely unable to obtain any verification of the truth of the story of the passenger. Such a rule would be disastrous to the business of the railroad company, and it is just such consequences that the law permits the company and the passenger to contract against, and this considered as a contract or regulation must be deemed reasonable in view of the business of a common carrier of passengers.

The case of *Pullman Palace Car Co.* v. *Reed*, *supra*, is the only case cited by the plaintiff to sustain his contention that the conductor wrongfully ejected him from the car. In that case the passenger had lost his ticket which he had purchased

for a berth in a sleeping-car, and he went back to the ticket agent of whom he had purchased it, and satisfied him that it was lost. The agent then gave him a letter to the conductor, stating the fact that the passenger had purchased the ticket for the particular berth, and that he was entitled to occupy the berth for the night. Besides, the passenger, before its loss, had exhibited the ticket to the porter of the sleeping-car and had taken possession of the berth. The conductor refused to recognize the right of the passenger thus evidenced to him and ejected him. It will be noticed that there was but one berth to be occupied by the passenger on the night in question, and if anyone else had presented the lost ticket, detection of the attempted imposition would be sure to follow. In the case cited, the passenger held the evidence of his right to the berth from the agent who made the sale of it to him and who was authorized to bind the company. He held a ticket of the most effective character. He would have had no better evidence if he had retained the original ticket for the berth. That case distinctly declares the rule that carriers of passengers may require them to exhibit their tickets to the persons designated by the carrier for that purpose and surrender them when required by the person in charge.

The judgment of nonsuit must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, LIPPINCOTT, REED, VAN SYCKEL, BOGERT, BROWN, KRUEGER, SIMS—9.

*For reversal*—None.