THE GEORGIA RAILROAD & BANKING CO. *v.* DOUGHERTY.

The plaintiff purchased at night from the agent of the railroad company a ticket for passage over its road to Atlanta, paying for the same. When called upon, she presented this ticket to the conductor, but it appearing to be for passage to Asheville, N. C., he declined to allow her to proceed. She stated to him the circumstances under which she bought the ticket, and the fact that her trunk had been checked to Atlanta on it (which he subsequently ascertained for himself), and that she had no money with which to pay fare; but he ejected her from the train at a station where there were no accommodations, and from which she had to walk about two and a half miles to secure a place to lodge. She was an old and infirm colored woman, in bad health, and going to Atlanta on account of her husband's death. *Held:*

1. A verdict in her favor against the company for $1,000 damages was neither contrary to law or evidence, nor excessive.

2. The plaintiff, having applied for the proper ticket, was entitled to rely upon the one delivered to her by the agent, as the proper one, without examining it, there being no intervening circumstances requiring her to do so.

3. A charge that "if she asked for the ticket and there was no mistake on her part in calling for it, and the wrong ticket was given her, then it was the fault of the railroad company," was not contrary to law.

4. The evidence was sufficient to authorize the giving in charge of sections 3066, 3067 of the code, on the subject of aggravation and vindictive damages.

5. Requests to charge which assumed that the plaintiff was charge-able with the consequences of the agent's mistake in delivering to her the wrong ticket, because such mistake might have been dis-covered by looking at it, were properly refused.

Simmons, J., dissenting.

December 20, 1890.

Passengers.   Railroads.   Damages.   Negligence· Charge of court.   Verdict.   Before Judge Eve.   City court of Richmond county.   August term, 1890.

Reported in the decision.

J. B. Cumming and Bryan Cumming, for plaintiff in error.

M. P. Foster, *contra*.

Blandford, Justice.

The defendant in error brought her action against the plaintiff in error, in which she alleged that she bought from the agent of the railroad company a ticket to go from Aiken, South Carolina, to Atlanta, Georgia, over the road of said company ; that she purchased this ticket at night, paid her money for the fare, received the ticket from the agent, and when she was between Au- gusta and Atlanta, being called on by the conductor for a ticket, she presented the ticket she had purchased, when it appeared that the same was to Asheville, North Carolina, instead of to Atlanta; the conductor objected to the ticket, and said she could not ride upon the same; thereupon she stated to the conductor that her trunk had been checked to Atlanta upon that ticket, which fact he denied but upon subsequent investigation found to be true ; plaintiff having no money with which to pay her fare, the conductor ejected her from the train, putting her off at a small station on the road.   She brought her suit against the company for thus being ejected from the train ; the jury found a verdict in her favor, and the railroad company moved for a new trial, which the court overruled, and it excepted, alleging as

error the several grounds taken in the motion.   This is the case which is presented to us for decision.

The first four grounds of the motion for a new trial are the usual ones, that the verdict is contrary to law and the evidence, against the weight of the evidence and without evidence to support it, contrary to the principles of equity and justice, and excessive.   We do not think the verdict is contrary to law or the evidence, or strongly and decidedly against the weight of the evidence, as will be seen hereafter.   Neither do we think the verdict is excessive.

The first special assignment of error is because the court charged the jury as follows :   " When a railroad company undertakes to sell tickets and has an agency for that purpose, and they sell a wrong ticket and injury ensues, the company is liable.   The law does not require a person dealing with a ticket-agent to examine his ticket and see what it purports to be, but places upon the railroad company, through its agent, the responsibility of giving the ticket applied for.   If you are satisfied from the evidence submitted that she applied for a ticket from Aiken, S. C., to Atlanta, Ga.; that she paid her fare or the charges for such a ticket, then she had the right to presume that she had been given a ticket which would give her the passage sought."   This charge of the court is assigned as error as being contrary to law.   See the case of *Georgia R. R.* v. *Olds*, 77 *Ga.* 673, in which we think this point is substantially ruled in favor of the charge of the court.   See also case of Hufford *v.* Grand Rapids, etc. R. R. Co., 31 N. W. Rep. 544, decided by the Supreme Court of Michigan, in which it was held that " Where a passenger, who has purchased a ticket of the authorized agent of a railroad company, believing in good faith that it is genuine, and issued by the company, and such as the agent had a right to sell, states such facts to the con-

ductor of the train, such conductor is bound to take such facts as true until the contrary is proven, without regard to any words, figures or other marks on the ticket; and where, upon such passenger's refusing to pay fare, the conductor lays hands upon him with the purpose of removing him from the train, the conductor is guilty of assault and battery, for which the company is liable in damages." In the present case it appears that the passenger stated to the conductor the circumstances under which she purchased the ticket, and furthermore stated that her trunk had been checked to Atlanta, her destination, upon such ticket (which the conductor subsequently ascertained was the fact), and that she had no money with which to pay her fare to Atlanta, notwithstanding all of which the conductor ejected her from the train. We think, under these circumstances, she had a right to recover damages from the railroad company. The conductor put her off at a way-station at night, in which place there were no accommodations, and she had to walk some two and a half miles in order to secure a place to stay at. We think she had a right to rely upon the ticket she had purchased from the agent of the railroad company as being a proper one, without an examination of the same; and nothing else appearing, there being no intervening circumstances which required her to look at the ticket, if she could have read the same, such conduct upon the part of the railway company and its agents authorized her to recover damages. Nor are we prepared to say that the damages recovered in this case are excessive. The plaintiff was a colored woman, old and infirm and in bad health, and was returning to Atlanta on account of her husband's death. We think, therefore, that the case we have referred to fully sustains this view.

It is further alleged as error that the court charged

the jury as follows : " If she asked for the ticket and there was no mistake on her part in calling for it, and the wrong ticket was given her, then it was the fault of the railroad company." It is alleged that this charge is contrary to law. We think not.

Exception is also taken to the following charge of the court: "In every tort there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages, either to deter the wrong-doer from repeating the trespass, or as compensation for the wounded feelings of the plaintiff. In some torts the entire injury is to the peace, happiness or feelings of the plaintiff; in such cases no measure of damages can be prescribed, except the enlightened consciences of impartial jurors. The worldly circumstances of the parties, the amount of bad faith in the transaction, and all the attendant facts should be weighed. . . If, reviewing the testimony, you feel that the circumstances proven are such as to require damages to deter the wrong being repeated, you should consider all these circumstances." Counsel for the plaintiff in error contend that, although the principle of law as given in charge is correct, there were no facts developed by the evidence in the case that authorized or called for such a charge. The charge in this case is consonant and in conformity with the code of this State (§3066), and we think the evidence developed sufficient facts to authorize the same. It was shown by the plaintiff in the court below that she had no money with which to pay her fare; and it was shown that the defendant, who is the plaintiff in error here, was a corporation and was operating a railroad. Thus, we think, the worldly circumstances of the parties were in some measure before the jury to be considered by them, if the charge was otherwise correct.

It is further alleged that the court erred in refusing

to give the following written requests to charge, made by counsel for the plaintiff in error: "No person shall recover from a railroad company for injury to himself or his property where the same is done by his consent, or is caused by his own negligence." "If the plaintiff, by ordinary care, could have avoided the consequences to herself caused by the defendant's negligence, she is not entitled to recover." "If the plaintiff was on the train of the Georgia railroad without a ticket which entitled her to be there, but on the contrary, with a ticket which plainly, on its face, showed that she did not have that right, and she, as well as the agent who sold the ticket, was chargeable with the mistake by which she had the wrong ticket, she should have paid her fare and called upon the railroad company to rectify the mutual mistake. And when, under the circumstances, she was required to leave the train she had no cause of action against the company for such expulsion." If what we have already said be correct, and we think it is, the court was right in refusing to give these requests to charge.

Again, it is insisted that the court erred in refusing to give the following written request to charge: "If the jury believe that the ticket-agent who sold the wrong ticket to plaintiff intended in fact to sell her the right ticket; that his failure to do so and his selling her the wrong ticket resulted from a negligent mistake only, unmixed with bad faith or malice; and if the mistake was apparent on the face of the ticket, and the plaintiff could have discovered it by merely looking at her ticket, then she was as much chargeable with the mistake as the agent was; it was her mistake as well as his, and she cannot recover damages on account of anything which flowed naturally from her own mistake." We think the court was right in refusing to give this charge to the jury. If the law is as we think it is, a

party purchasing a railway ticket has a right to rely upon the agent of the company to give him a proper ticket when called and paid for; and no peculiar circumstances intervening, there is no duty upon the person purchasing to examine the same; and any mistake which may occur is chargeable to the railway company, and not to the person receiving or purchasing the ticket. We therefore think there was no error in refusing to charge as requested.    *Judgment affirmed.*

SIMMONS, Justice, dissented.