IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

### JUNE TERM, 1895.

---

THE CONSOLIDATED TRACTION COMPANY, PLAINTIFF IN ERROR, v. ELISIIA S. TABORN AND SARAH F. TABORN, DEFENDANTS IN ERROR.

1. If a street railway company has established, by its practice, a right in its passengers to change, without a transfer ticket, from one car into another in the completion of their journey, it cannot change such practice without due notice.
2. If a passenger having a right to remain in a car is ordered by the conductor to leave it, the car being stopped, obeys such order, such conduct of the conductor is tortious, for which an action will lie.

---

On error to the Circuit Court of Essex county.

This was a writ of error to the Essex Circuit Court, before Mr. Justice Child. Judgment was entered upon a verdict of $1,000 against the traction company, in an action of tort, for an assault upon the plaintiff, Sarah F. Taborn, and ejecting her from a horse car.

VOL. XXIX.                    1

Argued at February Term, 1895, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, REED and GUMMERE.

For the plaintiff in error, *Edward Q. Keasbey.*

*Contra, Samuel Kalisch.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.    This suit is grounded on an expulsion from the cars of the plaintiff in error.

The gravamen of the case was thus constituted: The plaintiff took passage in one of the cars of the plaintiff in error, intending to go to the vicinity of Park street. She purchased and paid for a ticket that entitled her to go to that destination. At a certain point on its line the company was changing its tracks, so that the plaintiff could not complete her trip without changing cars. It appeared from the evidence that this condition of things had existed for some time, and that it had been the established practice of the road to permit the passengers to pass beyond the obstruction, into a second car, without any transfer tickets. In the belief that such regulation was still in force, the plaintiff made the change. After she had gone a short distance the conductor of this second car demanded her fare, and, on her refusal to pay and having no transfer ticket, the car was stopped and she was ordered to leave it. This order she obeyed, and this expulsion is the ground of action. It was also in proof that, on the day in question or the day preceding it, the regulations of the company had been changed so that passengers being transferred at this point were to be given transfer tickets showing their right to a seat in the car to which they were transferred. The plaintiff had no knowledge of this alteration in the methods of the company.

Upon this subject the Circuit judge, in the course of his accurate and lucid charge to the jury thus propounded the rule of law pertinent to it. After stating that the company had the right to establish reasonable regulations for the con-

duct of its business, the instructions to the jury proceeded in these words : " Now, in order to make a rule reasonable, if it is to affect the public, the public must have reasonable notice of it, and where a railroad company, or any other common carrier, adopts or uses for any given time a given system and then chooses to change that, they must give, in order to make the rule a reasonable one, reasonable notice. So I charge you that on this day in question, if the other system had been in force immediately previous to that time, not requiring any transfer tickets, and on the 8th day of May (the day in question) a transfer ticket was required by the rules or regulations of this company, then the traveling public had the right to have reasonable notice given to them to that effect. That notice could have been given them by the conductor of the car, or by a transfer agent; but that it should have been given and must have been given in some manner, in order to make the rule a reasonable one, is beyond question."

That this judicial direction was legally correct in all respects seems to us indubitable. The exception taken to it on the part of the defence is devoid of all substance.

Neither with respect to the second objection touching the form of the action do we find any difficulty. That objection is that the procedure should have been in the form of an action of *assumpsit*, and not as it is, in tort. The *rationale* of the exception was that if the defendant was in fault as insisted on, such fault amounted simply to a breach of its contract to carry the passenger to her destination. But it is obvious that there was in the transaction proved an element of misconduct that does not belong to the non-performance. It clearly presents a case not merely, on the part of the company, of nonfeasance but of malfeasance. The plaintiff, by force of her contract, was in the lawful possession of a seat in the car in question, and she plainly was compelled to give up that right by the unlawful act of the servant of the defendant. The car was stopped by the conductor, and the passenger was ordered to leave it, and under such circum-

stances to construe her submission into a consent and the surrender of her seat into a voluntary act would be absurd. The conduct of the conductor, who was clothed with full authority on the occasion, was an unmistakable threat that, unless his order was obeyed, the plaintiff would be forcibly removed from the car, and consequently when the passenger left the car it was but yielding to a force little short of duress.

In the opinion of the court the act of the conductor, on the occasion referred to, was tortious, and that the action is properly grounded.

The other objections have been examined and are overruled. Let the judgment be affirmed.