CITY OF ATLANTA v. OLD COLONY TRUST CO. et al.

(Circuit Court of Appeals, Fifth Circuit.    May 31, 1898.)

No. 698.

STREET RAILROADS—COMPULSORY TRANSFERS—AUTHORITY OF CITY.

The city of Atlanta, Ga., has no authority to impose a compulsory system of passenger transfers upon the Atlanta Consolidated Street-Railway Company, either under the city charter, the charters of the two corporations whose property was purchased by the said consolidated company, the state statutes ratifying and confirming the incorporation of street and suburban railroad companies, or under the constitution of Georgia and the ordinance of the city of Atlanta, made in pursuance thereof, consenting to the occupation of its streets by the said consolidated company.    83 Fed. 39, affirmed.

Appeal from the Circuit Court of the United States for the Northern District of Georgia.

J. T. Pendleton and Alex. C. King, for appellant.

N. J. Hammond, J. Carrol Payne, John S. Tye, Morris Brandon, and Preston S. Arkwright, for appellees.

Before PARDEE, Circuit Judge, and SWAYNE and PARLANGE, District Judges.

PER CURIAM.    This is an appeal from an order continuing an injunction pendente lite restraining the city of Atlanta from executing a certain ordinance of that city relating to compulsory transfers on the lines of the Atlanta Consolidated Street-Railway Company.    The case was heard in the circuit court before Circuit Judge McCormick and District Judge Newman upon a demurrer to the complainant's bill, which demurrer raised all the questions presented on this hearing. In overruling the demurrer the two judges concurred in an elaborate and well-considered opinion, which is found in the record (83 Fed. 39), with the reasoning of which we substantially concur.

On this hearing we conclude:

1. Under the charter of the city of Atlanta there is no power given to the mayor and general council to pass and enforce the said transfer ordinance.

2. The charters of the Atlanta Street-Railroad Company and the West End & Atlanta Street-Railroad Company, of which companies the Atlanta Consolidated Street-Railway Company has become the purchaser and successor, do not make the rates of fare on the Atlanta Consolidated Street-Railway Company's lines subject to the initial control of the mayor and general council of the city of Atlanta.

3. The statutes of the state of Georgia (1 Laws Ga. 1890–91, p. 169), ratifying and confirming the incorporation of street and suburban railroad companies, or any other acts of like nature to which our attention has been called, do not give the right of regulating and fixing fares and transfers on street railroads to the city of Atlanta.

4. Under the constitution of the state of Georgia, which prohibits any street-railway company from building upon the streets of a city

without its consent, and under the reservations made by the city of Atlanta in its ordinances granting such consent to the Atlanta Consolidated Street-Railway Company, the power is not reserved to the city of Atlanta to pass any ordinance which it sees fit, compelling the Atlanta Consolidated Street-Railway Company to give transfers and issue transfer tickets between the several lines of said company.

These conclusions, the reasons for which are found in the opinion of the circuit court on the demurrer, dispose of this appeal. The decree of the circuit court appealed from is affirmed.