JAMES H. PERINE, PLAINTIFF IN ERROR, v. THE NORTH JERSEY STREET RAILWAY COMPANY, DEFENDANT IN ERROR.

Argued November 11 and 12, 1901—Decided February 24, 1903.

1. Where a passenger on a street car was entitled to continue his journey on a connecting car, without the payment of additional fare, providing he boarded the connecting car within ten minutes after leaving the original car, and was entitled to a proper transfer ticket as an evidence of his right to so do, an action of tort will lie for his wrongful expulsion, unless by his own fault or carelessness he aided in procuring the situation which led to his expulsion.

2. If inquiry on the part of the passenger would have informed him of the rule which made it necessary that the transfer ticket should be used within ten minutes of the time punched on it, and if due care on his part required that he should make such inquiry, then his failure to do so would have been a contributing cause to the injury complained of, and a bar to his right to recover.

---

On error to Essex Circuit Court.

Before Justices GARRISON, GUMMERE and COLLINS.

For the plaintiff in error, *Van Buskirk & Parker.*

For the defendant in error, *Charles L. Borgmeyer.*

PER CURIAM.

This was an action of tort for the wrongful ejection of the plaintiff from a trolley car of the defendant company. It appears from the evidence that the plaintiff took possession of one of the cars of the company which ran over what is known as its South Orange line for the purpose of going to Bayonne. To reach his destination it was necessary for him to transfer to another car of the defendant company, which ran over its New York line. By paying his fare on the first car he was entitled to ride, not only on that car, but also on the New York car, provided he transferred to the latter within ten minutes after disembarking from that which he first took; and he was entitled to receive a transfer ticket as an evidence of his right to do so. When he paid his fare he demanded of, and received from, the conductor of the South Orange car a transfer ticket to the New York line. He left the South Orange car at the junction point of the two lines and boarded the next New York car which came along. He tendered the transfer ticket to the conductor of the latter car, but it was refused, upon the ground that the time within which it was required to be used—that is, ten minutes after leaving the South Orange car—had expired. Declining to pay an additional fare, he was then expelled from the car.

The rules of the company required that a conductor issuing a transfer ticket should punch upon it the time at which the passenger left the car, and that no other conductor should receive it in lieu of fare unless it was tendered within ten minutes after the time punched upon it. The uncontradicted testimony of the plaintiff is that he boarded the New York car not more than two or three minutes after leaving the South Orange car. The uncontradicted testimony of the conductor by whom the transfer ticket was refused was, that much more than ten minutes had elapsed between the time punched on the ticket and the time when it was offered to and refused by him. It would seem to follow from this testimony that the conductor of the South Orange car had, by mistake, wrongly punched the time on the ticket, thereby

making it valueless as an evidence of the plaintiff's right to transportation on the New York car. It appears from the testimony that the plaintiff did not know of the existence of the rule which required the transfer ticket to be used within ten minutes after the time punched upon it. Whether or not notice of this rule was printed upon the ticket does not appear.

On these facts the trial court charged the jury that "if the difficulty was due wholly to the mistake of the conductor of the South Orange car, and if the ten-minute regulation was a reasonable one, then the verdict ought to be for the defendant; for, in that case, the plaintiff will have to sue the company under another form of action—in an action upon the contract—and not in this action—an action in tort."

This instruction was erroneous. If the plaintiff was by his contract with the company entitled to ride upon the New York car without the payment of an additional fare, provided he boarded that car within ten minutes after leaving the South Orange car, and was entitled to a proper transfer ticket as an evidence of his right to do so, then an action of tort will lie for his wrongful expulsion, unless by his own fault or carelessness he aided in producing the situation which led to that expulsion. *Consolidated Traction Co.* v. *Taborn,* 29 *Vroom* 1. If inquiry on his part would have informed him of the rule which made it necessary that the transfer ticket should be used within ten minutes of the time punched upon it, and if due care on his part required that he should make such inquiry, then his failure to do so would have been a contributing cause to the injury which he complains of, and would be a bar to his right to recover.

The judgment under review should be reversed.