## HORNESBY *v.* GEORGIA RAILWAY AND ELECTRIC CO.

1. Where a street-railroad company voluntarily permits passengers to transfer from one of its cars to another and continue their journey without the payment of additional fare, it is reasonable to require, as a condition precedent to the exercise of this right, that the passenger shall tender to the conductor of the second car a printed transfer check which must be used within a time indicated by punch marks on the check, provided a car upon which the passenger can be conveniently and comfortably transported passes the transfer point within the time so limited.
2. A person who fails to comply with such requirement, and who refuses to pay fare, can not recover for an expulsion from the car, when he does not show that his failure to have a valid transfer check was due to the fault of some employee of the company having authority in such matters.
3. It follows that no recovery can be had where the initial car does not reach the transfer point until after the time indicated by the punch marks on the check, and the passenger voluntarily leaves the car before it reaches such point and makes an unsuccessful attempt to walk to the transfer point before the time limit expires. In such a case it is the duty of the passenger to remain on the car and give the conductor an opportunity to make arrangements for his transportation on the transfer car; and this is true even though it is the custom of the company not to issue new transfer checks where the initial car is delayed.

Submitted July 25, — Decided August 11, 1904.

Action for damages. Before Judge Reid. City court of Atlanta. January 12, 1904.

*O. E. & M. C. Horton*, for plaintiff. *Rosser & Brandon, W. T. Colquitt*, and *B. J. Conyers*, for defendant.

COBB, J. There is no statute in this State requiring street-railroad companies to issue transfers. It is not claimed that there is anything in the charter of the City of Atlanta which authorizes its governing authorities to pass an ordinance to compel

such railroad companies operating within its limits to issue transfers. See, in this connection, City of Atlanta v. Old Colony Trust Co., 88 Fed. 859. When there is no law or valid city ordinance requiring a street-railroad company to issue transfers, and it does not hold out to the world that it will issue such transfers without condition or restriction, a rule or custom that the right to ride upon a car to which a transfer is made without the payment of additional fare shall be evidenced by a printed slip, delivered by the conductor to the passenger on the car in which the fare is paid, is reasonable and binding upon the passenger. And it is also reasonable to require that such slip shall be used within a limited time after its issuance, such time to be indicated by punch marks on the slip, provided that within the time limited there passes the transfer point a car upon which the passenger can be conveniently and comfortably transported. See Booth on St. Ry. L. § 237; Nellis on St. Surf. Rds. §§ 6, 8, pp. 432, 440; Nellis on St. Rd. Ac. Law, p. 83, §15; Clark's Accident Law, §81; Mahoney v. Street R. Co., 18 L. R. A. 335; Heffron v. City R. Co., 16 L. R. A. 345, 52 N. W. 802. In the present case it does not appear that the street-railroad company has held out to the world that it will issue transfers without condition or restriction. The plaintiff boarded one of the cars, paid his fare, and the conductor, at his request, delivered to him a transfer slip to another line, with the time in which it was to be used indicated thereon by punch marks. The car was delayed, and the plaintiff voluntarily left the same and endeavored to reach the transfer point, but failed to arrive there in time to take the car passing within the time limited on the transfer slip. He boarded the next car passing the transfer point after the time limit had expired, and the conductor on that car refused to accept the transfer slip, and ejected him upon his refusal to pay his fare. Under the petition as amended, there is no claim that the manner in which the ejection was made was such as to give rise to a cause of action independently of the question whether the plaintiff had a right to ride upon tendering the transfer slip; the sole question being, whether the plaintiff had a right, as matter of law, to be transported upon tendering the transfer check. There are cases which hold that unless the transfer slip upon its face shows a right in the party tendering the same to ride upon the car at the time when and place where

the transfer is tendered, the conductor is authorized to eject him upon his refusal to pay fare. Keen v. Ry. Co. (Mich.), 81 N. W. 1084; Bradshaw v. R. Co. (Mass.), 46 Am. Rep. 481; Kiley v. Ry. Co. (Ill.), 52 L. R. A. 626. On the other hand, there are cases which hold that if a mistake has been made in issuing the transfer, and the passenger calls the attention of the conductor of the second car to this mistake, he must at his peril determine the question as to whether the passenger is really entitled to ride upon the transfer notwithstanding it does not upon its face show such right. Lawshe v. Ry. Co. (Wash.), 59 L. R. A. 350; Perrine v. St. Ry. Co. (N. J.), 54 Atl. 799; O'Rourke v. St. Ry. Co. (Tenn.), 52 S. W. 872; Memphis St. Ry. Co. v. Graves (Tenn.), 75 S. W. 729.

The latter cases seem to be in line with our own decisions in reference to ordinary railway tickets. *Head* v. *Ry. Co.*, 79 *Ga.* 358; *Ga. R. Co.* v. *Dougherty*, 86 *Ga.* 744; *Southern Ry. Co.* v. *Barlow*, 104 *Ga.* 213; *Southern Railway Co.* v. *Wood*, 114 *Ga.* 140. In these cases the agent of the railway company was at fault in regard to the ticket, and it was held that the passenger did not by the mistake of the agent lose his right to ride on the ticket. They are not applicable in the present case. The plaintiff received the transfer that he asked for. It was properly punched, and, when issued, showed on its face a right in the plaintiff to ride upon the car to which he desired to be transferred. Of course the delay of the first car is not to be chargeable to the plaintiff, and had he waited upon that car until the time limit on the transfer expired, he would doubtless have had a right to call upon the conductor to make arrangements whereby he could take the next car leaving the transfer point. But he did not wait on the car and give the conductor this opportunity. He preferred to exercise his own judgment and endeavor to reach the transfer point before the first car reaching there after the issuance of the transfer check arrived. He simply made a mistake of judgment, and no blame can be attached to any of the employees of the company. He can not recover unless the conductor of one or the other of the cars was at fault; and this has not been shown. It is said, though, that it appears from the petition that the company does not issue new transfer checks when the transferring car is late, and that therefore it would have been useless for the plaintiff to have re-

mained on the car, and asked for such a transfer check. This does not, however, excuse the plaintiff from the obligation which he was under to give the conductor of the first car an opportunity to arrange for his transportation on the transfer car without the payment of additional fare. For the failure of the conductor to do this he might have recovered when ejected from the transfer car. But under the facts alleged, no cause of action is set forth. Under this view of the case it is not necessary to pass upon the question as to whether the condition printed on the back of the transfer slip, that the slip was accepted with the understanding that if any controversy arose as to its validity the passenger would pay his fare and call at the company's office for an adjustment of the matter, is a reasonable one. A similar condition was held to be unreasonable in O'Rourke *v.* St. Ry. Co. (Tenn.), 52 S. W. 872 (5).      *Judgment affirmed.   All the Justices concur.*