## ALLISON *v.* GEORGIA RAILROAD & BANKING CO.

1. The ejection of a passenger from a train, upon his refusal to pay fare which is rightfully demanded of him, affords no cause of complaint against the company from whose train he is ejected by the employees of the company, provided that in ejecting him no violence nor undue force is used.

2. The court did not err in sustaining the general demurrer to the petition.

Argued January 21,—Decided June 26, 1909.

Action for damages. Before Judge Worley. Taliaferro superior court. February term, 1908.

*J. A. Beazley* and *F. H. Colley,* for plaintiff.

*Joseph B. & Bryan Cumming,* for defendant.

BECK, J. This case is an action to recover damages of the defendant because of an alleged illegal ejection of the plaintiff from the defendant's train. The defendant demurred generally to the petition, and after argument the demurrer was sustained and the case dismissed. The plaintiff excepted to this judgment.

The petition shows that plaintiff boarded the defendant's train at Washington, Georgia, for the purpose of going to Sharon, a station on defendant's line of road, without having purchased a ticket. The failure of the passenger to purchase a ticket does not appear to have been in any way due to any fault of defendant, the plaintiff merely alleging that "owing to the want of time he did not get a ticket." When approached by the conductor of the train for his fare, the conductor charged him four cents per mile, the regular fare being "three cents per mile." He told the conductor that he would not pay four cents per mile, at the time of handing the money to the conductor, but the conductor in making the change retained fare at the rate of four cents per mile. The plaintiff objected, and told the conductor that under no circumstances would he pay four cents per mile; and that if he retained the excess, the plaintiff would exercise the right to go on to Barnett, Georgia. Barnett is also a station on defendant's line of railroad, more distant than Sharon from the station at which plaintiff boarded the train. Plaintiff claimed that the excess (over three cents a mile) was sufficient to take him to Barnett. So far as appears from the petition, the conductor made no reply. The plaintiff did not leave the train at Sharon, but remained in the car; and after the train had passed Sharon the conductor demanded additional fare, payment of which was refused. After having been carried about two miles further on, the plaintiff was ejected from the train. He alleges that he was forced to walk back to Sharon, and that he suffered humiliation in the presence of a number of passengers, and was put to great inconvenience by reason of having been ejected from the train.

The court properly sustained the general demurrer to this petition. It sets forth no cause of action against the defendant. It does not appear that fare at the rate of four cents a mile was illegal under the rules of the Railroad Commission, or that it was not the fixed rate when cash fare instead of a ticket is tendered by a passenger to the conductor. The mere silence of the conductor, when

the passenger announced to him that he would not pay over three cents per mile, could not and should not have been construed as an agreement upon the part of the conductor to accept less than the amount of the fare at the proper rate. There is no complaint that the train did not stop at Sharon so as to give the passenger reasonable opportunity to alight at that station, which was his intended destination. After having failed to avail himself of the opportunity to alight at Sharon, he should have paid his fare, when it was demanded, to the next station. An opportunity to pay it was given. It was the conductor's duty to collect it, and when, after demanding the fare, it was refused, then it was the conductor's duty to eject the passenger; and the fact that he did eject him in compliance with his duty afforded the passenger no cause of action against the railroad company, it not appearing that any violence or undue force was used. *Southern Ry. Co.* v. *Fleming,* 128 *Ga.* 241 (57 S. E. 481).

*Judgment affirmed. All the Justices concur, except Holden, J., disqualified.*