## 3007.  PUCKETT *v.* SOUTHERN RAILWAY Co.

HILL, C. J. The damages sued for in this case, if proved, would be recoverable under the decisions of the Supreme Court in *Head* v. *Georgia Pacific Ry. Co.,* 79 *Ga.* 360 (7 S. E. 217, 11 Am. St. Rep. 434), and *Georgia Railroad Co.* v. *Dougherty,* 86 *Ga.* 744 (12 S. E. 747, 22 Am. St. Rep. 499). The court erred in dismissing the petition.

*Judgment reversed.*

DECIDED AUGUST 4, 1911.

Action for damages; from city court of Floyd county—W. J. Nunnally, judge pro hac vice.  September 30, 1910.

From the petition it appears, that the plaintiff went to the ticket office at the defendant's railway station in Chattanooga, Tennessee, and, through a person acting for her, requested of the defendant's ticket agent a ticket over its railway from that place to Silver Creek, Georgia; and in response to this request the agent furnished to her a ticket, for which she paid. She was unable to read and supposed that the ticket was of the kind requested. She boarded the defendant's train, and, after it had run several miles, the conductor of the train asked for her ticket, and she tendered this ticket and was told by him that it was a ticket of the Central of Georgia Railway Company, and not good on the defendant's railroad. She informed him of the facts mentioned above, and that she had no money to pay her fare. He then told her that he would have to put her off the train, and stopped the train and gruffly told her that she must get off; and, while she was endeavoring to

comply with this demand, she "was harshly and insultingly told by the porter of the train that she had no sense, or would have known not to get on the train with the ticket she had." The conductor and the porter put her off the train at a place in the State of Tennessee, several miles from Chattanooga. She had a heavy grip and basket which she was forced to carry, and, being totally unfamiliar with the place, had to inquire as to her whereabouts, and after much difficulty reached a car line some distance from that point, and returned to Chattanooga, reaching there at a late hour in the afternoon. She was a stranger in Chattanooga and did not know her way about the city, and did not, until after dark, find a place to spend the night. The petition alleges, that the agent who furnished the ticket was grossly negligent in not furnishing a ticket over the defendant's line as requested; also that there were other passengers in the coach from which she was ejected, and that she was greatly humiliated in their presence by being forced to leave the coach, and by having to submit to the language used to her by the porter of the train; that she was frightened by being left at a strange place when ejected, and that the ejection, together with the worry incident to finding her way back to Chattanooga and being forced to wander about the streets in search of a place to spend the night, caused a great shock to her nervous system. "Petitioner sues for the humiliation and worry caused by her wrongful ejection, and for the shock to her nervous system by reason of said wrongful ejection, and for punitive damages for said wrongful ejection, in the sum of one thousand dollars."

The defendant moved to dismiss the case "because no cause of action is set forth. (1) No actual damages of any kind and no injury to the person being alleged, and no statute of the State of Tennessee (in which the acts are alleged to have occurred) being set out, the only law applicable is the common law, and, under the common law, damages for humiliation and wounded feelings (in this case sued for as punitive damages) could not be recovered against common carriers. (2) The plaintiff, or her agent to purchase the ticket for her, had ample opportunity to have observed that the ticket was over the Central of Georgia, and not over the Southern Railway; and the fact that she could not read would not relieve her of the duty of knowing that she held the proper ticket before entering the train, unless she had informed the agent of the

defendant that she could not read." The court dismissed the action, and the defendant excepted.

*Ennis & Shaw,* for plaintiff.

*Maddox, McCamy & Shumate, George A. H. Harris & Sons,* for defendant.