## 17621, 17622.   ATLANTIC COAST LINE RAILROAD COMPANY *v.* PARKER (two cases).

STEPHENS, J.   1. A misnomer as to the plaintiff's name in a petition may be corrected and the true name substituted by amendment, without the amendment being subject to the objection that it adds a new and distinct party plaintiff to the case.   Where two petitions were filed against the same defendant, one by one person and one by another person, each alleging a cause of action growing out of the same transaction, and where one petition set out the acts of both the plaintiff therein and the other petitioner as respects the transaction complained of, describing the plaintiff therein as being an old man and the other petitioner as being the plaintiff's son and a young man, who at the time of the transaction was ill, but by mistake this petition was not brought in the true name of the plaintiff therein, which was A. J. Parker, but was brought in the name of the other petitioner, M. W. Parker, with the initials reversed so as to read W. M. Parker, and where the other petition set out the acts of both plaintiffs as respects the transaction complained of, describing the plaintiff in that petition as being a young man, who was a minor and who at the time of the transaction was ill, and the other petitioner as being an old man and the plaintiff's father, but by mistake it was not brought in the true name of the plaintiff therein, which was M. W. Parker, but was brought in the name of the other petitioner, describing him as a minor, by his next friend, M. W. Parker, there was a misnomer in each petition as to the name of the petitioner, and the amendment to each petition, alleging a misnomer in the plaintiff's name and substituting the true name, and also alleging the true name of each party wherever it appeared in the petition, was properly allowed.   *Murphy* v. *Peabody*, 63 *Ga.* 522; *Bell* v. *Pate*, 28 *Ga. App.* 195 (2) (110 S. E. 498).

2. Where a person applies to a railroad ticket-agent for a ticket to a certain point by way of a certain route, and the agent, in response to the request, issues him a ticket, the person to whom the ticket is issued has the right to assume that the agent has issued to him the ticket applied for, entitling him to transportation to the point named, over the route designated; and his failure to examine the ticket for the purpose of ascertaining whether it entitles him to the transportation applied for would not be negligence.   *Georgia Railroad Co.* v. *Dougherty*, 86 *Ga.* 744 (2) (12 S. E. 747, 22 Am. St. Rep. 499); *Georgia Railroad* v. *Olds*, 77 *Ga.* 673.   And see *Puckett* v. *Southern Ry. Co.*, 9 *Ga. App.* 589 (71 S. E. 944).

3. Where the ticket issued to him does not entitle him to transportation over the route designated by him to the agent, and he, in ignorance of this fact, proceeds with his journey on a train on which he would be

Carriers, 10 C. J. p. 611, n. 11, 19; p. 619, n. 75; p. 620, n. 76; p. 691, n. 57; p. 692, n. 73, 75, 76; p. 738, n. 68; p. 744, n. 11; p. 745, n. 19, 20; p. 763, n. 67; p. 794, n. 51; p. 802, n. 36.

Pleading, 31 Cyc. p. 468, n. 53, 55.

Trial, 38 Cyc. p. 1667, n. 85; p. 1669, n. 89.

entitled to travel upon a ticket issued in accordance with his instructions, he is a passenger entitled to transportation to the destination and over the route designated by him to the agent, and he would not cease to be such a passenger upon afterwards ascertaining that his ticket did not call for transportation over the route upon which he was traveling; and his eviction from the train, upon the ground that the ticket did not entitle him to transportation upon that train, would entitle him to recover damages in tort.

4. These being suits to recover damages for an alleged unlawful eviction of the plaintiffs from the defendant's train, and there being undisputed evidence that the plaintiffs left the train at the command of the defendant's conductor, the statement in the court's charge to the jury, that the plaintiffs were evicted from the defendant's train, was not an expression of an opinion upon any fact in issue.

5. The demurrers to the petitions were properly overruled, and the evidence authorized the verdicts found for the plaintiffs.

*Judgments affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 23, 1927.

Damages; from city court of Valdosta—Judge Cranford. July 30, 1926.

*Bennet & Branch, Copeland & Dukes,* for plaintiff in error.
*E. K. Wilcox, E. E. Cox, T. G. Connell,* contra.