27420. TECHE GREYHOUND LINES INC. *v.* DAIGREPONT.

STEPHENS, P. J. 1. A person who is not entitled to free transportation by a common carrier is not entitled to transportation as a passenger by the carrier without producing, when required by the carrier, a ticket entitling the passenger to transportation, or without the payment by him of the required fare, where the passenger's failure to produce the ticket is caused by no act attributable to or chargeable to the carrier. Where a passenger on a bus line operating as a common carrier purchased a ticket entitling her to transportation over the line of the carrier to a point of destination, and the carrier honored the ticket for a portion of the journey, punched it, and handed it back to the passenger to be used over another portion of the journey after a change of conductors or operators of the bus, and where the passenger left the bus at the end of the lap of the journey for which the ticket was honored, and went into the waiting-room or rest-room of the station at this point, and after leaving the bus lost her ticket, or it was stolen from her, and this was through no fault of the carrier, or act attributable to the carrier, the passenger was not entitled to further transportation to the end of the journey for which the ticket was purchased, without producing a ticket on demand of the carrier, or paying the required fare, notwithstanding the agent of the carrier in charge of the bus refusing the passenger transportation knew that the passenger had had a ticket entitling her to transportation to the end of the journey. The carrier was justified in not permitting the passenger to enter the bus, and in refusing transportation. *Harp* v. *Southern Ry. Co.*, 119 *Ga.* 927 (47 S. E. 206, 100 Am. St. R. 212); *Allison* v. *Georgia Railroad & Banking Co.*, 132 *Ga.* 834 (65 S. E. 85); *Wilson* v. *Southern Ry. Co.*, 143 *Ga.* 189 (84 S. E. 445); *Foskey* v. *Wrightsville & Tennille R. Co.*, 19 *Ga. App.* 670 (92 S. E. 34); *Hornesby* v. *Georgia Railway & Electric Co.*, 120 *Ga.* 913 (48 S. E. 339, 1 Ann. Cas. 391), 13 C. J. S. 1165, 1611.

2. Where, before the passenger left the bus to go to the waiting-room or rest-room under the circumstances above indicated, the agent of the company in charge of the bus knew that the passenger had recently

undergone a surgical operation and was in a helpless condition and unable to care for herself, and had with her two small children, and ordered her to leave the bus at the station, which she voluntarily did without assistance, and with the children walked unaided to the waiting-room or rest-room of the defendant, and at the time was "in a helpless, insensible, and fainty condition," and was thereby exposed "to the peril and danger in such condition of losing her ticket and personal effects in the station" of the carrier, and where, as a result of the described condition, she while in the rest-room lost or had stolen from her her pocket-book containing her ticket and money, the carrier, in permitting the passenger to leave the bus under these conditions which were known to the servant of the carrier in charge of the bus, and without giving assistance to the passenger in leaving the bus and going to the waiting-room or rest-room, was not guilty of any negligence which was a contributing cause to the passenger's loss of her ticket. It could not reasonably be foreseen by the agents of the carrier in charge of the bus that under the conditions described the passenger would lose her ticket or have it stolen from her after leaving the bus, and before returning for the purpose of completing the journey.

3. In a suit by the passenger against the carrier, to recover damages for the failure of the carrier to permit the passenger to enter the bus and to transport her for the remainder of the journey, the petition, which set out the above facts, failed to allege a cause of action, and the trial court erred in not sustaining the general demurrer. The court having so erred, the subsequent proceedings, which resulted in a verdict and judgment for the plaintiff, were nugatory.

*Judgment reversed. Sutton and Felton, JJ., concur.*

DECIDED JULY 6, 1939. REHEARING DENIED JULY 20, 1939.

*Lovejoy & Mayer,* for plaintiff in error. *R. W. Martin,* contra.