GALVESTON, H. & S. A. RY. CO. v. SHORT.
(No. 5391.)

(Court of Civil Appeals of Texas. San Antonio.
Feb. 3, 1915. Rehearing Denied
Feb. 24, 1915.)

CARRIERS ⬤➡355—EJECTION OF PASSENGERS—
FAILURE TO PRODUCE TICKET.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 6560, providing that every conductor, brakeman, etc., employed in a passenger train shall wear upon his hat or cap a badge indicating his office and the initial letters of the corporation by which he is employed, and article 6561 providing that no conductor or collector without such badge shall demand or be entitled to receive from any passenger any fare, toll, or ticket, where a passenger gave up his ticket to a brakeman authorized to receive it, his ejection because of his failure to produce it upon demand by the conductor was wrongful, as the statute does not say that only the conductor may take tickets.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1416–1422; Dec. Dig. ⬤➡355.]

Appeal from Guadalupe County Court; J. M. Woods, Judge.

Action by H. E. Short against the Galveston, Harrisburg & San Antonio Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed on condition that plaintiff file a remittitur.

See, also, 158 S. W. 175.

Baker, Botts, Parker & Garwood, of Houston, and Emil Mosheim, of Seguin, for appellant. H. M. Wurzbach, of Seguin, for appellee.

CARL, J. This is the second appeal of this case; the former opinion being reported in 163 S. W. 601, and that case is here referred to for a statement of the nature of the cause of action. Any change that may have been made in the pleadings or proof will appear in this discussion. The judgment, based upon the jury's verdict, was for $300.

The charge complained of in the first assignment is not subject to the criticism made. It contained the essential provisions of articles 6560 and 6561 of Vernon's Civil Statutes with regard to the wearing upon their caps or hats, by the employés, badges which indicated their office and the initial letters of the style of the corporation by which they were employed, and says that only such would be authorized to collect fares, etc.; and, as a whole, the charge requires that it be proven, by a preponderance of the testimony, that the ticket was delivered to an authorized agent of the company. The statute does not say that only the conductor may take tickets, but says "conductor or collector," and without such badge they are not authorized to demand or receive fares, etc. The requirement is that such collector be an authorized agent, and the uniform provided is evidence to the traveling public of the position held. It is but fair to presume that a railway would not permit persons on its own trains to wear the uniform of the company who are not author-ized so to do. If those servants of the company exceed their authority or act outside of the scope of their authority in taking up tickets, and some one must suffer thereby, it should not be an innocent passenger who is in the care of the company, but the corporation that places them in such position, and which is responsible for and has control over such servants.

Appellee had bought his ticket and same had been taken up by the brakeman. He had not left the train and was rightfully thereon. It is not on a parity with a case where a man boards a train without a ticket, or with a ticket not properly validated, and refuses to pay his fare. It was not his negligence, but that of the company, that the ticket was lost or misplaced after it was taken up, and, when he was ejected from the train, it was wrongfully done.

The Supreme Court, speaking through Justice Williams, in Texas & Pacific Railway Co. v. Payne, 87 S. W. 332, 70 L. R. A. 946, says:

"When the holder has done all he can to perform the condition precedent imposed upon him, his right to transportation is complete, and he has in the ticket all the evidence which the contract exacts of him to furnish; that which is lacking being only the evidence which the carrier has undertaken to furnish for the information of its employés. The case is not one in which the passenger has failed to comply with reasonable regulations concerning tickets, but one in which he has complied as far as was in his power."

That was a case in which a drover had a contract for return passage which the agent refused to validate. The conductor refused to permit him to ride; the appellee, Payne, refused to pay his fare and was ejected. He had the means to pay his fare but declined to do so. The court says:

"We therefore answer that plaintiff was entitled to recover damages sustained from the expulsion, and was not required either to purchase a ticket at Ft. Worth or to pay his fare on the train."

When Short gave up his ticket, he had done all that was required of him, and what subsequently became of that ticket was due solely to the action of appellant's employés. He had performed all the duties incumbent upon him, and the company did not have any right to put him off until he reached his destination.

This holding is not at all in conflict with Mr. Justice Fly's ruling in G., C. & S. F. Ry. Co. v. McCormick, 45 Tex. Civ. App. 425, 100 S. W. 202, because in that case McCormick knew, before he boarded the train, that he did not have a ticket, and it appeared that he (himself) had lost his ticket.

Short did not board the train without a ticket, and the loss of it is not attributable to him, and, as Judge Moursund said on the former appeal, he "could stand upon his right to remain on the train until carried to his destination, and was not required to antici-

pate that defendant's employés would not protect him in his rights."

What we have said indicates our views of the law on the whole case, as made, and we overrule the first to fifth assignments, both inclusive; and if the appellee shall, within 20 days, file a remittitur of $150, the judgment will be affirmed for the sum of $150. But, if such remittitur is not so filed, the judgment will be reversed, and the cause remanded for trial.