THE SOUTHWESTERN RAILROAD vs. SINGLETON.

1. Whenever a person, not an employé, is injured by the running of railroad cars in this state, the presumption is that the company is at fault, and the *onus* is on it to rebut such presumption.

2. The charge of the court should not express or intimate an opinion on the facts of the case.

3. An injury having occurred by the plaintiff's jumping from a train while in motion, after being informed that it was not a passenger train, and being told (as he claimed) to get o , it was not error to

charge that reasonable opportunity must have been allowed him to get off, but it was error to add that such opportunity was not afforded so long as the train was in motion.

4. A charge should not assume as proved facts not in reality so proved.

(*a*.) An injury having occurred while plaintiff was seeking to leave a moving train after being informed that it was not a passenger train, under order from the agent in charge to get off, it was error to charge that before putting a person off the train it must be stopped, or the railroad would be responsible for damages. The existence of negligence is for the jury, not the court, to decide.

5. If a conductor, or agent, in charge of a train, improperly ordered one who entered it to leave it while in motion, and in so doing an injury occurred, though the party may have been negligent in obeying the order, it would not free the company from liability, but would constitute a case of contributory negligence.

6. To charge the jury that if a plaintiff did acts which the evidence showed that he did in fact do, it would be an act of carelessness on his part, and would prevent a recovery, although the company may have been at fault, would have been error, and a request to charge to that effect was properly refused. To have so charged would have been both to invade the province of the jury in deciding the question of negligence, and also to have excluded the theory of contributory negligence.

7, 8. Requests which exclude from the jury one of the issues in a case should be refused.

9, 10. While a mere direction or command by the agent of a railroad company requiring one who had entered a train other than a passenger train to leave it, would not amount to force, yet if the latter acted under fear of it, the effect upon his mind was the same, and a recovery for an injury sustained in obeying the order would not be prevented by the fact that no physical force was used.

11. Although a person entering a wrong train by mistake, on discovering his mistake, could have safely left the train, the speed being then very slow, yet if he remained on it until the speed became greater, and then under order from the agent in charge of the train sought to leave it and was injured, the case would be one of contributory negligence.

12. Though one would not be justified in jumping from a train moving rapidly to avoid paying the fare demanded, although exorbitant, yet if he refused to pay such fare and was ordered to leave the train, and in so doing was injured, such facts would constitute contributory negligence on the part both of himself and the railroad.

Damages.    Railroads.    Negligence.    Charge of Court.
Presumptions.    Before Judge WILLIS.    Talbot Superior
Court.    March Term, 1881.

To the report in the decision, it is only necessary to
add the charge of court, which was as follows :

" This is a suit by W. C. Singleton, against the South-
western Railroad Company, for damages alleged to have
been sustained by him, by the running of the cars of said
company.    A railroad company shall be liable for any
damage done to person, stock or other property by the
running of the locomotive, or cars, or other machinery of
such company, or for damages done by any person in the
employment and service of such company; unless the
company shall make it appear that their agents have exer-
cised all ordinary and reasonable care and diligence.    The
presumption, in all cases, being against the company.
Code, §3033.    So you will see from the reading of this
section that whenever a person is injured by the running
of the railroad cars in this state, the presumption of law
is, that the company is at fault, and the *onus* is upon them
to show, that they, or their agents, were not at fault.    No
person shall recover damages, from a railroad company,
for injury to himself, when the same was done by his con-
sent, or caused by his own negligence.    If the plaintiff
and the agents of the company are both at fault, he may
recover, but his damages shall be diminished in proportion
to the amount of default attributable to him.    A railroad
company in this state, providing sufficient cars to accom-
modate all the travelling public over its line, has the legal
right to run special trains over its road for the purpose of
carrying provisions and paying its employés; and to pro-
hibit any person from travelling on such train, and if the
plaintiff entered a car attached to the same, knowing its
character, without the consent of the corporation, or its
agents, he becomes a trespasser.    But notwithstanding a
man may be a trespasser on a train, and the agent of the

The Southwestern Railroad *vs.* Singleton.

company have the right to put him off; yet they must use ordinary diligence in doing so; and if they do not use ordinary diligence in putting him off, or causing him to leave the train, and he is injured thereby, then the company would be liable to him for damages, notwithstanding he may be a trespasser. Ordinary diligence is that care which any prudent man takes of his own property of a similar nature. Code, §2061. But, gentlemen, if the plaintiff purchased a ticket of said company, authorizing him to ride upon the train provided by said company for transporting passengers, and boarded this pay or provision train, believing that he had the right to ride upon the same—believing honestly that it was a train for the transportation of passengers, then he was not a trespasser until after he had been notified of his mistake, and had had sufficient time and reasonable opportunity to have gotten off in safety; and a reasonable opportunity is not afforded so long as the train is in motion. If railroad companies would put a person off their train, they must stop their train, otherwise they would be responsible for damages, if any injury result from the transaction. If a person is ordered to get off, or jump from a moving train, while he may be at fault in obeying the order, yet, if in obedience to said order he jumped from the train and is injured, the company will be liable, but the damages should be diminished by the jury in proportion to the default attributable to the plaintiff. Provided you believe the plaintiff was at fault in jumping at the time, if injury is sustained by such person whilst so wrongfully upon such special train, the fact of being on such train, will be an element in determining his prudence and want of care, and the liability of the corporation. If one enters a pay-train for the purpose of riding thereon, and by the rules and regulations of the road, passengers were not allowed to ride on said train, it would be his duty to leave the train as soon as he could prudently do so, when notified of such rule. If one leaps from a train of cars running at the rate of fifteen

miles an hour, on the advice or concurrence of the con-
ductor, his right to recover would involve the question,
whether he prudently used the only means furnished by
the company for him to get off that the course of the
company permitted him to use, and also his recklessness
and want of ordinary care, for if by the use of ordinary
care, he could have avoided the injury, the company
would not be liable.

"If you should believe, from the evidence and law that
the plaintiff is entitled to damages in this case, then in
ascertaining the amount of damages, you may look to all
the facts and circumstances connected with the transac-
tion. Was the plaintiff at fault? what was the character
of the injury—the extent of the injury? was it permanent
or temporary? what was the condition of the health of
plaintiff before and after the injury? what was his capacity
for business before and after the injury and making a sup-
port? was he less capable for business and making a sup-
port after than before? if so, how much less, and if there
were any changes in these respects, were they the result
of this injury? All these things may be looked into, in
making your verdict."

At the request of defendant's counsel, the following
was given in charge also: " The fact that this is a suit by
an individual against a corporation, does not in the slight-
est degree affect the question of damages. The legal
principles governing the case, and the damages given by
the jury (if any) should be the same—no more, no less,
than should be given if the suit was against an individual.
Damages are given as a compensation for injuries done,
and generally this is the measure, where the injury is ca-
pable of being estimated in money. This is not a case
for vindictive damages. A passenger on a proper train
would not be justifiable in jumping from a moving train
of cars, simply to avoid paying the amount of fare de-
manded, even though the amount was exorbitant and
unjust." The court added at this point: "But if the

plaintiff refused to pay said exorbitant fare when the conductor ordered him off of the train, and in obedience to this order he did jump from the train, the company would be liable, but the damage should be diminished in proportion to the amount of default attributable to him if you believe he was at fault."

W. S. WALLACE; PEABODY & BRANNON, for plaintiff in error.

BLANDFORD & GARRARD; MILLER & BUTT; E. M BUTT, for defendant.

CRAWFORD, Justice.

This was a suit for damages brought by the defendant in error against the Southwestern Railroad Company to recover for injuries sustained in getting off of one of its pay trains. The facts substantially were, that the plaintiff below had a round trip ticket from Howard to Geneva and back; by mistake he entered the pay-train, which was about moving off, and as he walked in he met a negro who told him that the pay-master was in the next room; saw no seats; went to where the pay-master was, who asked him where he was going, and he said to Howard; paymaster told him that it would cost him one dollar a mile to ride on that car; his reply was that he could not pay it, and, *according to his testimony*, the pay-master told him in an abrupt manner to jump off, which he did and broke his leg; according to the *pay-master's testimony*, he said, "I can't pay that much and will get off," and he was told to step out, meaning at the door beside him, but he went to the rear of the car and jumped off there, breaking his leg. He laid his damages at twenty thousand dollars.

The pleas of the defendant were the general issue; that the plaintiff was injured by his own carelessness; that he was not a passenger, but an intruder; was notified in due

time to get off; refused to do so until it was hazardous to jump; and that the injury was the result of his own misconduct.

The jury gave for his damages five thousand dollars. A motion for a new trial was made on the following grounds, to-wit:

(1.) Because the court charged the jury as follows: "A railroad company shall be liable for any damage done to persons, stock or other property, by the running of the locomotive, or cars, or other machinery, of said company, or for damage done by any person in the employment and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company. So you will see from the reading of this section of the Code that whenever a person is injured by the running of the railroad cars in this state, the presumption of law is, that the company is at fault, and the *onus* is upon them to show that they and their agents were not at fault."

(2.) Because the court charged the jury as follows: "But notwithstanding a man may be a trespasser on a train, and the agent of the company have the right to put him off, yet they must use ordinary diligence in doing so; and if they do not use ordinary diligence in putting him off, or causing him to leave the train, and he is injured thereby, then the company would be liable to him for damages, notwithstanding he may be a trespasser."

(3.) Because the court charged the jury as follows: "If this plaintiff purchased a ticket of said company, authorizing him to ride upon the trains provided by said company for transporting passengers, and boarded this pay or provision train, believing he had a right to ride upon the same, believing honestly that it was a train for the transportation of passengers, then he was not a trespasser until after he had been notified of his mistake, and had sufficient time and reasonable opportunity to have

gotten off in safety; and a reasonable opportunity is not afforded, so long as the train is in motion."

(4.) Because the court charged the jury as follows: "If railroad companies put a person off of their train, they must stop the train, otherwise they would be responsible for damages if any injury resulted from the transaction."

(5) Because the court charged the jury as follows: "If a person is ordered to get off, or jump from a running train, while he may be at fault in obeying the order, yet if in obedience to said order he jumps from the train and is injured, the company will be liable, but the damages should be diminished by the jury in proportion to the default attributable to the plaintiff, provided you believe he was at fault in jumping at the time."

(6.) Because the court erred in not giving in charge the following written request of defendant's counsel: "If the pay-master of this train ordered the plaintiff to get off, or jump off, the train, and in obedience to this order he did leap from the train, while it was moving at a rate of speed that made it hazardous for him to do so, it would be such an act of carelessness on the part of the plaintiff as would prevent a recovery, even though you may believe that the company was at fault."

(7.) Because the court erred in not giving in charge the following written request of defendant's counsel: "If a man of full age is ordered by the conductor to jump off a train while the rate of speed is such as to make it hazardous for him to do so, and he knew it to be hazardous, or might have known it to be, it would be the duty of such person to remain on the train and refuse to get off until the train was stopped, or the speed so slackened as to make it safe for him to get off, and if he were to jump while the speed was such as to make it hazardous and imprudent for him to get off, and he knew it to be dangerous, or might have known it by the exercise of his reason, he is not entitled to recover."

(8.) Because the court erred in refusing to give in charge the following written request of defendant's counsel: "If you believe from the evidence that Singleton entered a pay-train, and after he had entered and in obedience to orders of the pay-master, he jumped from such train while the rate of speed at which the train was moving made it hazardous or dangerous for him to jump, and he knew it to be dangerous or hazardous for him to do so, or might have known it to be hazardous if he had exercised his mental powers, he cannot recover."

(9.) Because the court erred in refusing to give in charge the following written request of defendant's counsel: "If force was used by the company, or its agents, in getting the plaintiff off their train, then he would be entitled to recover, but a mere direction, or even a command to get off would not be force. Force is something more than mere words. Words in no case amount to force, unless accompanied with violence, or threats of violence, when addressed to a person of full age and sound mind."

(10.) Because the court erred in refusing to give in charge the following written request of defendant's counsel: "It is the duty of a person about to enter a train of cars, if he does not know before he enters what character of train it is that he is about to enter, to make inquiry as to whether or not it is a train that carries passengers. And if he enters without making inquiry and is damaged in getting off, he cannot recover, if there was no force or violence employed or threatened toward the passenger by the agent or employés of the company in charge of the train."

(11.) Because the court erred in not giving in charge the following written request of defendant's counsel: "If the plaintiff in this case entered a provision or pay-train, and while the cars were moving slowly, so that he could have gotten off without danger or damage to himself, and he was notified that he could not ride on that

The Southwestern Railroad *vs.* Singleton.

train, to get off, it was his duty to do so at once; if he remained on the train until the rate of speed at which the train was moving made it dangerous, or hazardous, for him to get off, then he should have remained on the train; and if he did jump from such moving train and broke his leg, he cannot recover anything."

(12.) Because the court erred in refusing to give, without qualification, the following written request, and in the qualification given: "A person on a proper train would not be justified in jumping from a moving train of cars simply to avoid paying the amount of fair demanded, even though the amount of fare demanded was exorbitant or unjust." The court added: "But if the plaintiff refused to pay such exorbitant fare, and the conductor commanded him to get off, and he did get off in obedience to such command, then the defendant would be liable, but his damages should be diminished in proportion to the amount of default attributable to him, if he was at fault."

Upon the hearing of the motion for a new trial the same was refused, and the movant assigns error thereon.

1. Upon the first ground of the motion the court holds that, under the facts of this case, the charge was a proper one, and should have been given. The cars were running when the misadventure occurred, and the company should have been held to the rebuttal of that presumption which the law puts upon it.

2. The language of the charge in the second ground— in which the words, "have the right to put him off, yet must use ordinary diligence in doing so, and if they do not use ordinary diligence in putting him off," and he is injured thereby, the company would be liable, were used, is not, we think, under the facts as disclosed by the record, such as should have been used, because they bordered so closely on assuming that the plaintiff had been put off, that the jury might have inferred that the judge considered it a proved fact, whilst there was no pretense that such was the case.

v 67—21

3. The error complained of in this ground is that the judge settled matter that should have been referred alone to the jury. He instructed them that if the plaintiff entered this train by mistake, he was not a trespasser until notified of his mistake, and had sufficient time and reasonable opportunity to have gotten off in safety, and a reasonable opportunity was not afforded so long as the train was in motion.

The question as to what would and what would not be a reasonable opportunity for the plaintiff to have gotten off the train in safety, was taken from the jury and settled by the court. To instruct the jury that a reasonable opportunity was not afforded so long as the train was in motion, was to pass upon a fact, and this the judge is forbidden to do. Besides, to say that a reasonable opportunity is not afforded so long as the train is in motion, may or may not be true, because motion may be so slow as to be almost imperceptible, and yet going on ; or it may be so rapid as scarcely to be seen before the object has passed beyond the vision's reach.

4. In this ground is repeated the objectionable part of the second, in that the implication is so strong in the language used as to impress the jury that it was a fact that the plaintiff was actually put off the defendant's train. The judge says : " If railroad companies would put off a person from their train, they must stop the train, otherwise they would be responsible for damages, if any injury resulted from the transaction."

If the plaintiff had not been put off the train, then to state such a case by hypothesis was to state one unauthorized by the proofs. But there is a much stronger objection to this charge than that, for again is the province of the jury invaded when the judge tells them that the train must stop, or else if any injury results that the company would be responsible for damages. This was a declaration from the bench of negligence on the part of the company, and limited the jury in its finding only to the question of

the damages. The authorities are almost without an exception, that the question of negligence is one for the jury and nöt for the court, and the decisions of this court are so without exception. It was admitted that the train did not stop, and it was not denied that the plaintiff was injured; therefore, when the judge told the jury that if railroad companies would put a person off their train they must stop the train, otherwise they would be responsible for damages if any injury occurred from the transaction, nothing was left them but to write out the damages.

This has not been an open question since it was ruled in the 34th *Ga.*, 337, where the court say that "the jury alone have the right of the determination of this question. * * * If it had been a fact proved that the axle was too short, * * * and that that was the cause of the accident, certainly the judge had no right to determine what constituted negligence." In 56 *Ga.*, 459, the judge below was requested to charge the jury that "the failure to keep the right of way clear of bushes was negligence." Upon his refusal this court say: "The question of negligence is for the jury, exclusively for the jury. Had this charge been given, it would have been taken from them and been controlled exclusively by the court." So that, in this case, when the judge said that not to stop the train was not to afford a reasonable opportunity for the plaintiff to get off in safety, it was deciding what was and what was not a reasonable opportunity for a safe departure from a train. It was a question of fact, not of law, and should have been sent to the jury.

5. The fifth ground of complaint we construe to mean that if the conductor was at fault in ordering the plaintiff off the train whilst in motion, and the plaintiff was also at fault in obeying the orders, that it would then make a case of contributory negligence, but the company would nevertheless be liable. Such being our construction of it, we do not consider it error.

6. There was no error in refusing to give this charge,

because to have given it would have been an expression of opinion on the act of the plaintiff. To specify just what he had done, and then tell the jury that it was such an act of carelessness as would prevent his recovery, was to say that he was in fault, and if so, then the company would not be liable, whilst he might recover, even if both were in fault.

7, 8. These requests to charge leave out of view any right of the plaintiff to recover, although he might have taken the hazard of the leap, and yet did it under orders that should not have been given, with a rate of speed making it hazardous for him to attempt it.

9, 10. These requests should not have been given, because whilst it is true that a mere direction, or even a command, does not amount to force, yet if he acted under the fear of it, the effect upon his mind would be the same.

11. The objection to this charge is, that whilst it is true the plaintiff should have gotten off when first notified that it was a pay and not a passenger train, if he could have done so in safety, yet if afterwards, although he was in fault by not doing so, the company or its agents were in fault in causing him to get off when it was not safe to do so, that, too, would make a case of contributory negligence, and the plaintiff could recover. This being totally ignored, of course the charge should have been refused.

12. The qualification by the court to this charge was not error.

Judgment reversed.