GULF, COLORADO & SANTA FE RAILWAY COMPANY v. J. A. McCORMICK.

Decided March 6, 1907.

**1.—Carrier—Ejection of Passenger Without Ticket.**

One who takes passage upon a railroad train knowing that he has no ticket, is not entitled to recover damages for his ejection from the train, even though he may have bought and paid for a ticket and the conductor who ejected him knew that fact.

**2.—Same—Case Limited.**

The case of St. Louis, Arkansas & Texas Railway Company v. Mackie, 71 Texas, 491, limited to the facts of that case, if indeed, it has not been overruled by subsequent decisions in this State.

**3.—Passenger—Loss of Ticket.**

A passenger who loses his ticket and, knowing that fact, boards a railroad train and refuses to pay for his passage and is ejected from the train, is not entitled to recover from the railroad company the price of the ticket.

Appeal from the County Court of Bexar County. Tried below before Hon. R. B. Green.

*J. W. Terry* and *A. H. Culwell,* for appellant.—The court erred in refusing to set aside the verdict and judgment herein and grant a new trial, because the verdict is contrary to and unsupported by the evidence in this, that the undisputed evidence in this case shows that plaintiff purchased a ticket from this defendant for passage from Beaumont to San Augustine and said ticket was delivered to him by defendant's agent at Beaumont, Texas, and said plaintiff went upon defendant's train and took passage thereon and failed and refused to exhibit or surrender said ticket or any ticket to defendant's conductor or to pay fare to said conductor when demanded of him, and was ejected from said train without the use of any unnecessary force or violence, and is not

therefore entitled to recover of this defendant. Galveston, H. & H. v. Scott, 9 Texas Ct. Rep., 277; Texas & P. Ry. Co. v. Smith, 84 S. W. Rep., 852; International & G. N. Ry. Co. v. Wilkes, 68 Texas, 617; Standish v. Narragansett S. S. Co., 111 Mass., 512; Crawford v. Cincinnati, H. & D. Ry. Co., 26 Ohio St., 580; Jerome v. Smith, 48 Vt., 230; Knowles v. Norfolk So. Ry. Co., 102 N. C., 59; Hutchinson on Carriers, sec. 572 et seq.

*Webb & Goeth,* for appellee.—When a passenger buys an interchangeable mileage ticket, which is not transferable, is only good for continuous passage on the day of its purchase, is capable of absolute identification by its number, and when a passenger holds a receipt for such ticket and the number thereof, and in the presence of the conductor, before the departure of the train, exhibits such receipt and demands the delivery of a ticket from the agent, who refuses to make such delivery, whereby the passenger is forced to hastily depart on the train without a ticket, and when the admitted testimony shows that the ticket agent sold said ticket on the same day to another passenger, the railway company will become liable for substantial damages when it appears that the conductor ejected the passenger from the train on the ground that such passenger was unable to exhibit a ticket, and such passenger is not required, under these circumstances, to pay another fare or to buy another ticket in order to avoid ejectment. Texas & P. Ry. Co. v. Payne, 12 Texas Ct. Rep., 1004; Gulf, C. & S. F. Ry. Co. v. Holbrook, 33 S. W. Rep., 1028; Missouri Pac. Ry. Co. v. Martino, 2 Texas Civ. App., 645; Cherry v. Chicago & A. Ry. Co., 2 L. R. A. (N. S.), 695, see note p. 696; St. Louis, A. & T. Ry. Co. v. Mackie, 71 Texas, 491; Gulf, C. & S. F. Ry. Co. v. Rather, 3 Texas Civ. App., 76; Southern Kan. Ry. Co. v. Rice, 5 Am. St. Rep., 766; Gulf, C. & S. F. Ry. Co. v. Copeland, 17 Texas Civ. App., 55.

FLY, Associate Justice.—Appellee instituted this suit to recover of appellant damages for his ejection from a passenger train at Silsbee, Texas. A jury trial resulted in a verdict for appellee for $253.60, of which amount $100 was remitted by appellee and judgment was rendered for $153.60.

Appellee testified that he was, on January 26, 1905, a traveling salesman for the Memphis Coffin Company and was in Beaumont, Texas, and was instructed by his employer to go from that point to San Augustine, Texas. To that end he asked the ticket agent of appellant for a ticket to that place, as well as a credential slip, and gave him his credential number, which was in a credential book he had purchased from another road. The credential books, it seems, entitle the holders to a rebate on the regular fare. The agent put appellee's credential number as well as the number of the ticket, which was 851, on the credential envelope and handed it to appellee, who put it in his overcoat pocket and went in the train, and after he got there discovered that the ticket which should have been in the credential envelope was not there. He immediately went to the ticket agent and told him that he had not given him a ticket. The agent insisted that he had and told appellee that he had lost it. The conductor was standing near by and the agent told him, "This

gentleman here has lost his ticket, but he has paid me his fare." Appellee did not know whether the open or shut part of the credential envelope was up or down when the agent handed it to him and when he put it in his overcoat pocket. Appellant did not buy another ticket and did not find the one he had bought and when the conductor demanded a ticket appellee presented the credential envelope to the conductor who insisted on his paying his fare or delivering a ticket. The conductor went through the train to see if anyone had the ticket, but did not find it. Afterwards the conductor showed appellee a telegram from the railway company which stated, "Have the man pay fare, and send his identification slip and your receipt to Kennan at Galveston for refund," and told appellee if he would pay fare he would send the papers as directed for a refunding of the amount paid. This appellee refused to do. This was at Silsbee and the conductor then took appellee by the arm and led him off the train. Appellee then got back, paid his fare, and went on to his point of destination. He had sufficient money to pay the fare.

The agent swore that he put ticket 851 in the credential envelope and handed it to appellee, and that about five minutes afterward he returned and stated that he had lost it. That a search was made for the ticket in the waiting room and on the platform. It was not found and appellee stated he intended riding on his credential slip, and the agent told him that the company was not responsible for the loss of the ticket and the conductor would require a ticket of him. The agent said: "I told him to buy another ticket and I would take the matter up with the general passenger agent and have his money refunded." About a week afterward some person presented the ticket to the agent for refund, and the application was sent to W. S. Keenan, the general passenger agent at Galveston. The money was not refunded to the person who made application for it.

Appellee admitted that he knew that if he did not have a ticket that he would "have contention with the conductor." He knew that he would have to present a ticket in order to ride on the train. He stated that the conductor was polite to him and treated him considerately. He used no force except to take appellee by the arm and request him to leave the train.

The rules of appellant required conductors to eject a person from the trains, who refused to produce a proper ticket, or other transportation, or pay fare. Appellee would do neither and he was ejected from the train by the conductor.

The application for refund was presented by one C. L. Herrington, on February 7, 1905, and he stated in his application that he was the original purchaser of ticket 851, that after buying the ticket he concluded to stop off at Silsbee and paid his fare to that place and retained the ticket. He stated that he lived in Floresville, Texas, and that he bought the ticket on January 26, 1905. The money for the ticket was not paid to the applicant, or to anyone else.

The court charged the jury that if appellant's agent failed to deliver to appellee a ticket that he had purchased, and the conductor was informed by the ticket agent that appellee had paid for a ticket, and appellee was ejected from the train by the conductor, the jury should find

in favor of appellee for the amount paid for the ticket; and if they further found that appellee suffered mental distress, embarrassment or humiliation by reason of his ejectment, damages might be recovered.

The case of Railway v. Mackie, 71 Texas, 491, apparently supports the theory upon which the cause was tried in the lower court, but that case has been distinguished in several cases, so as to show that while it may be correct under its peculiar facts, it can not be invoked as authority in cases like the one now under consideration. The Court of Civil Appeals of the Second District, in the case of Texas & Pac. Ry. v. Arnold, 16 Texas Civ. App., 76, expresses the view that the Mackie case is in effect overruled by the Supreme Court in the case of Ft. Worth & D. C. Ry. v. Daggett, 87 Texas, 322. In the latter case the Mackie case is not mentioned, and we think they are easily distinguishable, and yet there are in the latter case expressions which may be deemed antagonistic to the propositions announced in the older case.

In the case of Russell v. Missouri, K. & T. Ry., 12 Texas Civ. App., 627, it was held that a party could not recover for mental suffering arising from being ejected from a train when he knew at the time he entered the car that the ticket he held would not be honored. The facts were that the plaintiff purchased a ticket at Dallas, Texas, to St. Louis, Missouri, and return. It was stipulated in the ticket that it must be stamped on the back by the agent at the selling point and by the agent at the point of destination. The court states the case as follows: "In selling the ticket the defendant's agent at Dallas neglected to officially stamp the ticket upon the back thereof, as required by its terms to give it validity. The ticket was honored on the passage to St. Louis, but when the plaintiff presented it to the agent of the Missouri Pacific Railway Company at St. Louis and proposed to identify himself as the original purchaser, the agent there declined to sign and stamp the ticket, as was required by its terms to give it validity for the return passage. Plaintiff then got upon a Missouri Pacific train to return to Dallas, and was ejected from the train a short distance from St. Louis, on account of not having a valid ticket for his passage, with the consequences practically as alleged in his petition. The proposition insisted upon is that he is entitled to recover of this defendant actual damages for the indignity, mental suffering, etc., occasioned by being put off the train of the Missouri Pacific Company." The court held: "The plaintiff should not have taken passage upon the train when he knew that his ticket was not good; and having done so, he should not be permitted to recover damages on account of his ejection." That was the only point in the case, and the Supreme Court, in refusing a writ of error, must have approved of the language quoted. That case must be held decisive of this case.

Another case in point is that of Railway v. Scott (Texas Civ. App.), 79 S. W. Rep., 642, in which the plaintiff had bought tickets for himself and wife and gave them to the baggage agent of the railway company, in order that he might check their baggage, and the agent lost the ticket of the wife. The plaintiff refused to buy another ticket, although he had sufficient money for that purpose, and got on the train with his wife and she was ejected from the train, plaintiff going with her. The court held that the plaintiff could not recover damages for the ejection

of his wife from the train. The case is distinguished by the court from the Mackie case.

The rule announced in these cases is a wise and salutary one, because no man ought to be allowed to speculate in damages by placing himself in a position where he knows that the reasonable rules of the railroad company will cause the action for which he seeks damages. Appellee in this case knew that he did not have a ticket, no matter how he had been deprived of it, knew that it was the duty of the conductor to eject him if he did not get another ticket, and yet he refused to get a ticket and by his own acts caused his ejection from the car. It is not claimed that he was treated with any indignity by the conductor, or that more force was used than was necessary. He is in no position to recover damages for his ejection from the car.

We have proceeded upon the theory that the agent did not give the ticket to appellee, and there is some testimony upon which a jury might base such a finding, and only in that event should appellee recover even the amount of the fare that he was required to pay by the conductor. If he lost his ticket he could not recover even that sum. (Standish v. Narragansett Steamship Co., 111 Mass., 512; Rogers v. Atlantic C. Ry. (N. J.), 34 Atl. Rep., 11; Fetter, Carr. Pass., sec. 279, p. 719.)

The verdict of the jury was for $3.60, the amount of the fare, and $250 damages, and this court has therein a basis upon which to render a judgment.

The judgment is reversed and judgment here rendered in favor of appellee for $3.60 and the costs of the County Court, appellant to recover the costs of the appeal.

*Reversed and rendered.*

### ON MOTION FOR REHEARING.

None of the cases cited presents facts similar to those in this case. In the case of Railway v. Payne, 87 S. W. Rep., 330, the facts showed that the plaintiff had a drover's ticket entitling him to a return to his home, and a railroad agent refused to endorse it at Fort Worth for return passage. The plaintiff got on the train, presented his ticket or contract, and was ejected. The Supreme Court of Texas held that the contract of carriage was not breached until the plaintiff got on the train and was ejected. There is no conflict between that opinion and the opinion of this court. In this case the contract of carriage was breached before appellee got on the train and he knew that he would not be allowed to ride unless he bought another ticket. The motion for rehearing is overruled.

*Overruled.*