## WILSON v. SOUTHERN RAILWAY COMPANY.

In a suit for damages against a carrier of passengers, for a wrongful expulsion by defendant's agent of plaintiff, who was without a ticket on defendant's cars, where the petition fails to allege that the plaintiff tendered to the defendant's ticket-collector the proper fare at the train rate in lieu of a ticket when the same was demanded of him, such petition set forth no cause of action, and the court did not err in sustaining a proper demurrer thereto.

FEBRUARY 12, 1915.

Action for damages. Before Judge Brand. Gwinnett superior court. January 7, 1914.

The suit was for an alleged wrongful expulsion of the plaintiff by the defendant's agent from its car which he had entered as a

passenger for transportation to a point on defendant's line of railway. A general demurrer to the petition was sustained, and the plaintiff excepted. The petition as amended set forth, in substance the following facts: Plaintiff purchased from defendant's ticket agent at the Terminal Station at Atlanta, Georgia, a ticket to Buford, Georgia, a station situated on defendant's line of railway. After presenting his ticket to the defendant's baggage-agent, and checking to the same place his baggage, and after having been admitted by the gatekeeper at the Terminal Station to its train, and after the train had started for his destination, when defendant's ticket-collector demanded of plaintiff his ticket he found that he had misplaced or lost the same, whereupon the ticket-collector demanded of him "full train fare with excess or penalty of 15 cents added," which plaintiff refused to pay. The collector thereupon threatened to eject him from the train; and "in order to avoid further unpleasantness, wrangle and trouble, he tendered to said collector full fare at the ticket rate from Atlanta, Ga., where petitioner boarded said train, to his destination at Buford, Ga., which amount said collector refused to accept." When his ticket was demanded of him, the plaintiff exhibited to the collector his baggage-check showing that it was on the same train with him, and offered to prove by fellow passengers the truth of his statement that he had bought a ticket and that he had checked his baggage, and that they had seen him with his ticket just before entering the train. This proof the ticket-collector refused to consider, and ejected the plaintiff from the car at Norcross, an intervening station.

*I. L. Oakes* and *N. L. Hutchins,* for plaintiff.

*John J. & Roy M. Strickland, Dobbs & Wisdom,* and *D. M. Byrd,* for defendant.

LUMPKIN, J. The fact that the plaintiff bought a ticket from the defendant's ticket agent before boarding its cars shows that he recognized the necessity of having a ticket in order to be transported to the place of his destination, and that he expected a ticket to be demanded of him by the ticket-collector on defendant's train. The petition shows that when plaintiff's ticket was demanded of him, he offered the collector, in lieu thereof, a stated rate. It is not alleged that this tendered rate was the proper tariff charged passengers without tickets for transportation between Atlanta and Buford. Nor is it anywhere alleged what is the legal rate between

these points, or that the amount demanded was an improper amount to be required of one without a ticket. It only appears that the plaintiff tendered a stated rate to the collector, and that the collector refused it and demanded in turn a specified rate different from that tendered by plaintiff, plus a fixed sum additional. The mere fact that the collector demanded a larger amount which in the opinion of the plaintiff was, under the circumstances, unlawful and unjust would not relieve him from paying or offering to pay the proper fare. Indeed, not until the plaintiff showed his willingness to pay the proper fare would he be in a position to refuse to pay an alleged wrongful amount demanded of him by the collector. And the good faith of the plaintiff as a passenger could not affect the right of the defendant, where it was without fault, to demand a sum of money as train fare different in amount from that which the plaintiff thought right and just under the circumstances. The misfortune of the plaintiff can not be allowed to prejudice the rights of an innocent defendant. In the case of *Georgia Southern &c. R. Co.* v. *Asmore,* 88 *Ga.* 529, 531 (15 S. E. 13, 16 L. R. A. 53), Chief Justice Bleckley, in the opinion, said: "If his [plaintiff's] failure to have it [ticket] was due to his own neglect, or to any cause not chargeable to the company, its agents or employees, the tender of the ticket rate had no relevancy whatever to the right of the plaintiff to be carried or to shun ejection from the cars. He might as well have tendered nothing as not enough." From what we have said in consideration of this case, we are of opinion that a passenger who fails to comply with a recognized regulation of a carrier of passengers, it matters not what may be his excuse for his neglect, can not force such carrier, who is without fault, to take him at an amount named by him in lieu of his omission, where the amount tendered does not appear to be the proper fare charged for transportation. For it to be otherwise would be allowing one to force upon another any compromise without regard to the rights of the other. 1 Fetter on Carriers of Passengers. The demurrer was properly sustained.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*