# Union Traction Company of Indiana *v.* Vestal.

[No. 22,973. Filed November 18, 1915.]

1. Carriers.—*Carriage of Passengers.*—*Ejection of Passenger.*— *Liability.*—Where a passenger on an interurban car leaving a city, having lost her ticket and being without money, readily acquiesced in the conductor's request, made in good faith and without malice, to get off the car before she got too far out of the city, and immediately after leaving the car her ticket was found by the conductor who returned it to her through the conductor of an inbound car, and the passenger thereupon proceeded to her destination by the next car, having suffered no physical discomfort or pecuniary loss, and having been delayed but one hour on her journey, there was no liability against the company on the ground of wrongful ejectment of such passenger. p. 22.

.2. Carriers.—*Carriage of Passengers.*—*Regulations.*—*Reasonableness.*—The rule is reasonable that a ticket entitling the passenger to transportation shall be exhibited and presented to the conductor on proper request, and that on the passenger's failure to do so, or to pay the legal cash fare, the conductor may expel him without waiting to investigate his excuse for not producing the ticket, or to determine if such excuse is in good faith. p. 24.

From Henry Circuit Court; *Ed Jackson*, Judge.

Action by Emma Vestal against the Union Traction Company of Indiana. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Reversed.*

*James A. Van Osdol, W. A. Kittinger* and *Forkner & Forkner*, for appellant.

*H. H. Evans* and *Barnard & Jeffrey*, for appellee.

Erwin, J.—This was an action by appellee against appellant seeking to recover damages for being wrongfully ejected by appellant from one of its interurban cars running from Indianapolis to Newcastle.

The errors assigned are, (1) that the court erred in overruling appellant's demurrer to the amended

complaint, (2) the court erred in overruling 1. appellant's motion for a new trial. Among other causes assigned in the motion for a new trial is, "That the verdict is not sustained by sufficient evidence." The facts shown in this case as disclosed by the testimony of appellee herself are in substance as follows: That the appellee is a married woman and on the occasion complained of resided in Newcastle, and at Indianapolis purchased a ticket over appellant's line from Indianapolis to Newcastle, and on the day in question boarded one of appellant's interurban cars at the terminal station in Indianapolis, bound for Newcastle, which left at 1:00 p. m. on the day in question. As the car proceeded out Massachusetts Avenue, and when near College Avenue, the conductor in charge began collecting fares, beginning at the rear end of the car. Appellee sat in the second or third seat from the rear, a small boy in the seat behind her, and two passengers across the aisle. All other passengers, so far as the evidence shows, occupied seats farther to the front of appellee. When the conductor reached appellee, she informed him she had lost her ticket. He proceeded to collect fares from those across the aisle, and from those in the seat in front of appellee, and again returned to appellee and was informed by her that she could not find her ticket. He requested a cash fare. She told him she had no money. He told her he could do nothing for her; that he could not carry her without transportation, as the law did not allow that, and advised her to get off before she got too far out of the city. He stopped the car at Jefferson Street, took up appellee's suit case, and she followed him off the car. He put the suit case down on the sidewalk, the car started, the conductor stepped on, and shortly thereafter the ticket was found where it had fallen between the end

of the seat and the side of the car. By this time, the car in question had approached the "Y" where the city cars turn, and where the outbound interurban cars pass. At this place, a city car and an inbound interurban were then waiting the passing of the car in question, and when this car reached the "Y" the ticket was given to the conductor on the inbound car, the circumstances related to him, and he was told to look for appellee and give her the ticket. As the inbound car proceeded toward the city, the conductor in charge saw appellee, gave her her ticket and offered to take her on the car then, or that she might await his return, when he would take her to Newcastle. Appellee chose the latter course, and in about one hour, thereafter, boarded the last named car on its return, and rode to Newcastle, giving her ticket in payment of her passage, arriving at Newcastle about 3:45 p. m. The day was warm and windy with no rain. Plaintiff was only delayed one hour. It is not claimed that appellant was in any wise responsible for the loss of the ticket. There was no harsh or abusive language used toward appellee, and no violence. Her statement that she had lost her ticket and that she had no money was taken at its face. The statement of the conductor that he could not carry her without transportation and that she had better get off before they got too far out of Indianapolis, was by appellee accepted at its face, and she got off the car. There was no evidence— in fact no claim made—that she suffered any physical discomfort or any pecuniary loss, or that the conduct of the appellant was mischievous, malicious or vindictive.

The evidence in this cause shows that the conductor acted in perfect good faith, without the exercise of any force, violence or malice and that appellee, upon being invited to get off the car on ac-

count of the fact that she was without money to pay her fare, readily acquiesced and voluntarily got off the car without force or menace, and that no request was made for time in which to search for her ticket. It is not claimed in this case that the loss of the ticket was due to any fault of appellant. It was wholly the result of appellee's own carelessness or inadvertence. It is a reasonable rule that a

2. ticket entitling a passenger to transportation, shall be exhibited to and presented to the conductor upon proper request, and if by any carelessness, inadvertence or casuality the ticket of the passenger has been lost by him so that he can not produce it, the legal fare may be exacted from him, and the conductor is not bound to investigate the excuse of the passenger for its nonproduction, and determine whether it is made in good faith or not. He has the right to have the ticket produced and surrendered or the fare paid, and if neither event occurs he can expel the passenger. *Rogers* v. *Atlantic City R. Co.* (1895), 57 N. J. L. 703, 34 Atl. 11.

The facts in this case fall far short of establishing liability for damages on the part of appellant. Judgment reversed with instructions to grant a new trial.

NOTE.—Reported in 110 N. E. 211. Right of passenger to resist forcibly unlawful ejection, see 125 Am. St. 727. On various questions arising in the matter of ejection for nonpayment of fares, see 16 L. R. A. 53, 55, 38 L. R. A. 140; 43 L. R. A. 706; 34 L. R. A. (N. S.) 282; 31 L. R. A. (N. S.) 992; 26 L. R. A. 129; L. R. A. 1915 E 311; L. R. A. 1915 C 148. Duty of carrier to give passenger time to produce ticket or pay fare, see 20 Ann. Cas. 922. See, also, under (1) 6 Cyc 551; (2) 6 Cyc 549.