## DAIGREPONT *v.* TECHE GREYHOUND LINES INC.

No. 13045. FEBRUARY 13, 1940.

*R. W. Martin,* for plaintiff.

*Lovejoy & Mayer,* for defendant.

REID, Chief Justice.   Mrs. Virginia Daigrepont filed suit against the Teche Greyhound Lines Inc., a motor common carrier of pas-

sengers for hire, seeking damages for an alleged wrongful refusal to transport her from Montgomery, Alabama, to LaGrange, Georgia. The trial judge overruled a general demurrer filed by the defendant, and the jury returned a verdict in favor of the plaintiff. The defendant sued out a writ of error to the Court of Appeals, upon which a judgment was rendered reversing the judgment of the trial judge in overruling the general demurrer. *Teche Greyhound Lines Inc.* v. *Daigrepont,* 60 *Ga. App.* 389 (3 S. E. 2d, 857). This court granted a certiorari on the theory that the relative rights and duties of a public carrier and one seeking transportation, under the facts alleged in the petition, presented a question of gravity and importance.

After a careful study of the authorities, we are of the opinion that the decision and judgment of the Court of Appeals is correct, and should be affirmed. It is the legal duty of a common carrier to receive and transport a person who has purchased a ticket over its lines, to the destination called for by the ticket, upon the purchaser's compliance with such reasonable regulations as the carrier may adopt for its own safety and the benefit of the public. Code, § 18-202. Should a carrier, in violation of the duty so imposed upon it, illegally expel a passenger from its bus and wrongfully refuse to carry him to his destination, it would be liable to the passenger in damages proximately resulting therefrom. Code, §§ 105-101, 105-104; *Georgia Railroad & Banking Co.* v. *Eskew,* 86 *Ga.* 641 (12 S. E. 1061) ; *Atlanta Con. St. Ry. Co.* v. *Keeny,* 99 *Ga.* 266 (25 S. E. 629) ; *Southwestern Railroad* v. *Singleton,* 67 *Ga.* 306; *Seaboard Air-Line Ry.* v. *O'Quin,* 124 *Ga.* 357 (52 S. E. 427, 2 L. R. A. (N. S.) 472) ; *Head* v. *Georgia Pacific Ry. Co.,* 79 *Ga.* 358 (7 S. E. 217, 11 Am. St. R. 434) ; *Georgia Railroad & Banking Co.* v. *Dougherty,* 86 *Ga.* 744 (12 S. E. 747, 22 Am. St. R. 499) ; *Southern Ry. Co.* v. *Barlow,* 104 *Ga.* 213 (30 S. E. 732, 69 Am. St. R. 166) ; *East Tenn., Va. & Ga. Ry. Co.* v. *King,* 88 *Ga.* 443 (14 S. E. 708) ; *Southeastern Greyhound Lines* v. *Suits,* 55 *Ga. App.* 371 (190 S. E. 417).

While a person who has purchased a ticket for transportation over the lines of a common carrier has the right to use the facilities of the carrier to that end, it is a sine qua non to the exercise of that right that upon boarding the conveyance of the carrier, he deliver to the person in· charge thereof his ticket, and, where the

same is returned to him, to produce it upon demand at reasonable times thereafter during the journey. Unless the failure to produce the ticket is due to the fault of the carrier, the passenger may be ejected and further transportation refused, in the absence of an offer to pay his fare. As tersely stated by Mr. Justice Lamar in rendering the decision of this court in *Harp* v. *Southern Ry. Co.*, 119 *Ga.* 927 (47 S. E. 206, 100 Am. St. R. 212) : "The passenger must produce his ticket, pay his fare, or suffer expulsion."

According to the allegations of the petition, the plaintiff purchased a ticket from the defendant carrier at New Orleans, La., for transportation for herself and baggage from that point to LaGrange, Ga. At New Orleans she presented her ticket to the operator of the bus, who inspected and punched it. At Mobile, Ala., she presented her ticket to the operator of the bus who took charge of it at that point. When the bus arrived at Montgomery, Ala., she alighted therefrom upon being ordered to do so by the defendant's agents. She went directly into the rest-room in the bus station; and while she was washing her face her ticket to LaGrange and all of her money *were stolen*. She immediately reported this fact to the agents of the defendant, including the driver who was to operate the bus on to LaGrange. The agent of the defendant who had operated the bus from Mobile to Montgomery also informed said driver that the plaintiff had purchased a ticket on to LaGrange. She also presented to said driver her baggage checks, showing that they were checked to LaGrange. Nevertheless she was refused transportation. She alleged that by reason of the defendant's wrongful refusal to transport her on said bus to LaGrange she suffered great mortification, mental pain, humiliation, a serious physical shock, and physical and nervous impairment.

Since the question presented is the sufficiency of the petition to withstand a general demurrer, it must be construed most strongly against the plaintiff. Accordingly, since it is not otherwise alleged, it is proper to assume that the ticket purchased by the plaintiff was issued to bearer; that its use was not limited to that particular bus; and that the portion of the ticket entitling her to transportation from Montgomery to LaGrange had not been punched, and was subject to use by any other person who might present the same. Under such circumstances it is clear that the plaintiff was not entitled to transportation. "The loss of a ticket

by a passenger falls on him, not on the carrier. The reason is obvious. Passage tickets, in the absence of restrictive conditions, are assignable, and good in the hands of any one. If the loss of a ticket were a sufficient excuse for non-payment of fare, a carrier might be subjected to the burden of carrying two or more persons for a single fare." Fetter, Carr. Pass. § 279. This was the express ruling of this court in *Harp* v. *Southern Ry. Co.*, supra. See also *Southern Ry. Co.* v. *DeSaussure*, 116 *Ga.* 53 (42 S. E. 479) ; *Foskey* v. *Wrightsville & Tennille R. Co.*, 19 *Ga. App.* 670 (92 S. E. 34) ; *Wilson* v. *Southern Ry. Co.*, 143 *Ga.* 189 (84 S. E. 445) ; Union Traction Co. v. Vestal, 184 Ind. 21 (110 N. E. 211) ; Standish v. Narragansett S. S. Co., 111 Mass. 512 (15 Am. R. 66) ; Rogers v. Atlantic City R. Co., 57 N. J. L. 703 (34 Atl. 11) ; Gulf, C. & S. F. R. Co. v. McCormick, 45 Tex. Civ. App. 425 (100 S. W. 202) ; Jerome v. Smith, 48 Vt. 230 (21 Am. R. 125) ; Crawford v. Cincinnati, H. & D. R. Co., 26 Ohio St. 580; Fleck v. Mo., K. & T. R. Co. (Tex. Civ. App.), 191 S. W. 386; Nutter v. Southern R. Co., 25 Ky. L. Rep. 1700 (78 S. W. 470) ; Adams v. Southern Ry. Co., 103 S. C. 327 (87 S. E. 1007) ; Bolles v. Kansas City Southern R. Co., 134 Mo. App. 696 (115 S. W. 459).

This being true, it makes no difference that the agents of the defendant actually knew that the plaintiff had purchased a ticket to LaGrange and that she made it reasonably to appear that it had been stolen. Nor did the presentation of her baggage checks entitle her to transportation. It is not alleged that the ticket could not be used by another person without the baggage checks, and we must assume that it could be so used. The only purpose that the production of the baggage checks could serve would be to show that she had purchased a ticket to LaGrange, and, as already pointed out, this would not be controlling on the carrier. Counsel for plaintiff recognizes the principles set forth, but points out that in the present case the plaintiff was recuperating from a serious operation and was in a weakened and feeble condition; that the agents of the defendant knew this; that notwithstanding the fact that she requested to be allowed to remain on the bus during the stop at Montgomery, she was ordered to alight; and that she immediately went to the rest-room to wash her face to avoid fainting, and while she was doing this her ticket was stolen. In this connection it was alleged that "the defendant's drivers, agents, and

employees knew that said station was filled with people, and in the exercise of ordinary care said drivers, agents, and employees should have reasonably anticipated that plaintiff in the helpless, insensible, and fainty condition would be in danger of losing her ticket and personal effects." While it would not be correct to say that the plaintiff does not complain of the conduct of the defendant's agents in requiring her to alight from the bus in Montgomery, in view of the fact that they knew that she was sick and in a feeble condition, it is proper to say that she complains of this conduct only in so far as it resulted in the loss of her ticket and the consequent refusal of passage to her on to LaGrange. The only injuries sustained by the plaintiff were alleged to have been brought about by the wrongful refusal to transport her to LaGrange. Accordingly, even if it should be conceded that the conduct of the agents of the defendant in requiring the plaintiff to alight from the bus at Montgomery was unreasonable and wrongful, the petition does not state a cause of action unless this conduct made the defendant responsible for the subsequent loss of her ticket. Cases such as *Samples* v. *Ga. & Fla. Ry. Co.*, 143 *Ga.* 805 (85 S. E. 1002), *Macon, Dublin & Savannah R. Co.* v. *Moore,* 125 *Ga.* 810 (54 S. E. 700), and *Central of Ga. Ry. Co.* v. *Madden,* 135 *Ga.* 205 (69 S. E. 165, 31 L. R. A. (N. S.) 813, 21 Ann. Cas. 1077), are not in point, in view of what is said above.

It is expressly alleged that the plaintiff's ticket was stolen by some person in the rest-room. Do the facts show that the defendant is responsible for such loss? It could not be contended that the defendant was an insurer of the plaintiff's personal effects while she was on the premises. The argument is that the agents of the defendant should have anticipated that plaintiff in her weakened condition would not be able to protect herself and her property. It is the well-settled general rule that a party is liable only for the proximate consequences of his wrongful act. "In a suit for damages, where it appears upon the face of the plaintiff's petition that there intervened between the alleged negligence of the defendant and the damage sustained by the plaintiff the independent criminal act of a third person, which was the direct and proximate cause of the damage, the petition should be dismissed on general demurrer." *Andrews* v. *Kinsel,* 114 *Ga.* 390 (40 S. E. 300, 88 Am. St. R. 25). In that case the plaintiffs rented

a storehouse from the defendant, who owned also the adjoining storehouse. The defendant's agents and servants entered the adjoining storehouse to make certain repairs. The partition between the two stores was partly removed, and upon leaving for the night the defendant's agents carelessly left two rear windows open in the adjoining store, as a result of which some person climbed through said windows, entered the storehouse of the plaintiffs, and stole certain goods. The suit was for the value of the goods stolen, and a recovery was denied. See also *Belding* v. *Johnson*, 86 *Ga.* 177 (12 S. E. 304, 11 L. R. A. 53), where it was held that a widow could not recover damages of a barkeeper for the homicide of her husband who was killed in an encounter with a third person, the quarrel leading up to the encounter having been the result of intoxication produced by liquor illegally sold to the slayer of plaintiff's husband by the barkeeper; *Henderson* v. *Dade Coal Co.*, 100 *Ga.* 568 (28 S. E. 251, 40 L. R. A. 95), where it was held that the lessee of a convict was not liable for the criminal act of the convict by which a third party suffered damage, although the lessee had negligently placed it in the power of the convict to commit the crime. See also *Bowers* v. *Southern Ry. Co.*, 10 *Ga. App.* 367 (3) (73 S. E. 677) ; *Harper* v. *Fulton Bag & Cotton Mills*, 21 *Ga. App.* 322 (94 S. E. 286) ; *Hulsey* v. *Hightower*, 44 *Ga. App.* 455 (4) (161 S. E. 664) ; Carter *v.* A. C. L. R. Co., 109 S. C. 119 (95 S. E. 357) ; Wharton on Negligence, § 134.

We are of the opinion that the facts alleged do not bring the case without the general principles stated in the first part of the opinion, and therefore that the petition stated no cause of action. The case of *East Tenn., Va. & Ga. Ry. Co.* v. *King*, 88 *Ga.* 443 (14 S. E. 708), cited and much relied on by counsel for plaintiff, is not in point. There the agents of the carrier had themselves taken up the ticket of the passenger, and for that reason he could not produce it. Nor is the present case analogous to "sleeping-car cases," where the ticket sold is limited to a particular train and a particular berth. Pullman Palace Car Co. *v.* Reed, 75 Ill. 125 (20 Am. R. 232) ; Bolles *v.* Kansas City Southern R. Co., 134 Mo. App. 696 (115 S. W. 459).

*Judgment affirmed. All the Justices concur.*

ATKINSON, Presiding Justice, concurs in the result solely because of the ruling in *Harp* v. *Southern Ry. Co.*, 119 *Ga.* 927 (supra), concurred in by all the Justices.