## 28681. DAIGREPONT *v.* TECHE GREYHOUND LINES INC.

DECIDED MARCH 8, 1941. REHEARING DENIED MARCH 26, 1941.

*Raymond W. Martin,* for plaintiff.
*Lovejoy & Mayer,* for defendant.

STEPHENS, P. J. The substance of the plaintiff's original petition appears in a report of the case upon exception to the overruling of the general demurrer thereto. *Teche Greyhound Lines Inc.* v. *Daigrepont,* 60 *Ga. App.* 389 (3 S. E. 2d, 857), affirmed on certiorari, 189 *Ga.* 601 (7 S. E. 2d, 174, 127 A. L. R. 217). Before the remittitur in the case reached the trial court the plaintiff filed an amendment to the petition, in an effort to prevent the dismissal thereof upon general demurrer. This amendment was allowed and ordered filed, subject to demurrer. The trial court sustained a general demurrer to the petition as amended, and the case is in this court upon exception to the judgment sustaining the demurrer to the amendment. By this amendment the plaintiff struck from the petition the allegations that her ticket was lost or stolen, and substituted in lieu thereof an allegation that somewhere between the bus and the ladies' rest-room she lost her ticket and all of her money except fifty cents. It appears from the amendment that the defendant's agent in New Orleans, Louisiana, sold to the plaintiff a bus ticket entitling her to transportation from that

city to LaGrange, Georgia, which ticket was not issued to the bearer as railroad and bus tickets ordinarily are issued, but was a specific ticket issued and sold to the plaintiff and "especially designated plaintiff sole owner, and LaGrange, Georgia, as her destination, and was not assignable and not good in the hands of any one except plaintiff, and that the ticket plaintiff held was specifically limited to the particular bus upon which the plaintiff was riding from Mobile, Alabama, to LaGrange, Georgia, via Montgomery, Alabama." The plaintiff further alleged in the amendment that at Mobile her ticket had been punched and delivered back to her by the defendant's bus driver at that city to hold as evidence of her right to transportation, and that she held such ticket so punched and cancelled by this bus driver to be delivered to the bus driver at Montgomery as evidence of the purchase by her of a ticket and of her right to transportation to LaGrange. She alleged that this ticket, in its cancelled and punched condition as held by her, could not have been used by any other person. The plaintiff also alleged in this amendment that the portion of such ticket in her possession had been punched, that it was good from Mobile to LaGrange, and that the new bus driver, who boarded the bus in Montgomery and who was to drive the bus on which the plaintiff was riding from Montgomery to LaGrange, had examined this ticket, saw that it had been punched and knew that the plaintiff had a ticket entitling her to transportation on this bus from New Orleans to LaGrange. It further appeared therefrom that the ticket which the plaintiff "held was a restricted ticket, and no one could have used said ticket except plaintiff, and that these restricted conditions were known to defendant, its agents, employees, and bus drivers." It further appeared from the amendment that the new bus driver in Montgomery asked the plaintiff for her ticket and asked her where she was going, and that in the presence of the old bus driver who had driven the bus from Mobile she presented her ticket to the new bus driver and the old bus driver told the new bus driver that he had punched the ticket at Mobile at the time he checked her baggage and gave plaintiff her baggage checks, and that her ticket was good from Mobile, Alabama, to LaGrange, Georgia."

In affirming the decision of this court on the former appearance of this case the Supreme Court stated: "Accordingly, since it is

not otherwise alleged, it is proper to assume that the ticket purchased by the plaintiff was issued to bearer; that its use was not limited to that particular bus; and that the portion of the ticket entitling her to transportation from Montgomery to LaGrange had not been punched, and was subject to use by any other person who might present the same. Under such circumstances it is clear that the plaintiff was not entitled to transportation. . . 'The reason is obvious. Passage tickets, in the absence of restrictive conditions, are assignable, and good in the hands of any one. If the loss of a ticket were a sufficient excuse for nonpayment of fare, a carrier might be subjected to the burden of carrying two or more persons for a single fare.' " *Teche Greyhound Lines Inc.* v. *Daigrepont,* 189 *Ga.* 601, 603, supra. The court further held that the present case was not "analogous to 'sleeping-car cases' where the ticket sold is limited to a particular train and a particular berth." In the amendment to the petition the plaintiff alleged that the ticket which was lost had not been issued to the bearer, but was a specific ticket issued to her and especially designating her as the owner, and LaGrange, Georgia, as her destination, and that such ticket was not assignable and not good in the hands of any one except the plaintiff. The amendment further alleged that the ticket was specifically limited to the particular bus upon which the plaintiff was riding, and that her ticket had been cancelled and punched and was good to LaGrange, and that the driver of the defendant's bus who had punched and cancelled such ticket informed the new bus driver in Montgomery of this fact.

In Buck *v.* Webb, 58 Hun (N. Y.), 185 (11 N. Y. Supp. 617, 33 N. Y. St. Rep. 824), the following facts appeared: the plaintiff purchased from the defendant's agent a ticket for a seat in the defendant's drawing-room car. Having lost it, he applied to the agent for another. This the agent refused, as the diagram showing the seats for which tickets had been issued was no longer in his possession, but he gave the plaintiff his personal card, on which he wrote and signed a statement that the plaintiff held such seat. The plaintiff presented the card, with the explanation, to the conductor of the car, but the conductor refused to permit the plaintiff to occupy the seat, although it was marked on the diagram as sold, and no other person had claimed it, and the conductor informed the plaintiff that he must pay for a seat or leave the car.

Whereupon the plaintiff passed into a common car or day coach and continued there to the end of his journey. The court held that the exclusion of the plaintiff from the seat was unreasonable and that the defendant company was liable in damages sufficient to compensate the plaintiff for the injury. In 4 Michie on Carriers, 3213, § 3554, it is stated: "When a passenger buys a Pullman ticket, and before it is delivered to those in charge of the Pullman car looses [loses] it, he does not thereby loose [lose] his right to a seat or berth to which the purchase of the ticket entitled him. Where such passenger offers sufficient evidence to those in charge of the car of his right to a seat, they have no right to eject him for his refusal to pay again for a berth or seat." In Pullman Palace Car Co. v. Reed, 75 Ill. 125, 130 (20 Am. R. 232), the Supreme Court of that State held: "We think the better rule is to require that, where the proof is clear and satisfactory, as it was in the present case, the applicant for the berth has bought his ticket but has lost it, and it is limited to a particular berth and trip, and the circumstances are such that it is reasonably certain the company can not be defrauded by the ticket being in the hands of another, he should have the berth." In *East Tennessee, Va. & Ga. R. Co.* v. *King,* 88 *Ga.* 443 (14 S. E. 708), it was held that a passenger on a railroad train is relieved from the obligation of exhibiting or surrendering his ticket where he has purchased a through ticket and surrendered it to the first conductor on his demand, if the second conductor is satisfied of this upon the evidence exhibited by the passenger.

Under the principles above stated it seems that the amendment to the plaintiff's petition takes her case without the general rule applied by this court when the case was here on the overruling of the demurrer to the original petition, and the general rule applied by the Supreme Court in the decision of the case on certiorari. The rule applied in those decisions and laid down by the Supreme Court of Georgia in *Harp* v. *Southern Ry. Co.,* 119 *Ga.* 927 (47 S. E. 206, 100 Am. St. R. 212), is based upon the premise that the ticket was issued to the bearer and was assignable, and if lost by the passenger would subject the carrier to carrying two persons on one ticket by reason of the fact that the person finding the lost ticket could use it. The amendment in the present case takes it without this rule.

We are therefore of the opinion that the court erred in sustaining the general demurrer to the petition as amended.

*Judgment reversed. Felton, J., concurs.*

SUTTON, J., dissenting. Mrs. Virginia Daigrepont brought suit against the Teche Greyhound Lines Inc., to recover damages for the refusal of the bus company to transport her from Montgomery, Alabama, to LaGrange, Georgia. Substantially, it was alleged by the plaintiff in her petition that she presented a ticket from the defendant company from New Orleans, Louisiana, to LaGrange, Georgia, and that upon arriving in Montgomery, Alabama, she was requested by the bus driver to vacate the bus before resuming the trip from Montgomery to LaGrange; that she was recovering from a recent operation, was weak and faint, had two small children with her, and asked permission to remain on the bus during the stop in Montgomery, but was ordered by the driver and agent of the bus company to leave the bus; that she went to the ladies' rest-room in the defendant's bus station, and while in there she either lost her pocketbook containing her bus ticket and all of her money, except fifty cents, or some one stole it; that she reported the loss of her ticket to the agents and driver of the bus company and exhibited her baggage checks to them to show that she had had a ticket, and that although the driver and agents of the bus company knew that she had had a ticket they refused to allow her to enter the bus, and refused to take her on from Montgomery, Alabama, to LaGrange, Georgia; that the agents of the defendant company knew of her weak and helpless condition when they caused her to leave the bus, and that it should have been reasonably anticipated by them that owing to her condition she would be in danger of losing her ticket.

This court held in this case, *Teche Greyhound Lines Inc.* v. *Daigrepont,* 60 *Ga. App.* 389, supra, that the petition failed to state a cause of action, and that the general demurrer thereto should have been sustained. That decision was affirmed by the Supreme Court, 189 *Ga.* 601 supra. Before the remittitur was made the judgment of the lower court, the plaintiff amended her petition by alleging that the ticket sold to her from New Orleans, Louisiana, to LaGrange, Georgia, was not issued to bearer, but was a specific ticket and designated the plaintiff as the sole owner, and was not assignable, and was limited to the particular bus upon

which she was riding; that the ticket had been punched and delivered back to her by the defendant's bus driver at Mobile, Alabama, to hold as evidence of her transportation and to be delivered by her to the bus driver at Montgomery, Alabama, for her passage on to LaGrange, Georgia; that the bus driver who drove the bus from Mobile to Montgomery and the one who was to drive from there to LaGrange, both came to her and examined her ticket before she got off of the bus at Montgomery. She further amended by striking the allegation that her ticket was stolen, and alleged that she lost her ticket and money after she got off of the bus at Montgomery. The defendant filed a general demurrer to the petition as amended, and the trial court sustained the demurrer. The plaintiff excepted.

I am of the opinion that the plaintiff's amendment does not take the case out of the rulings made by this court and the Supreme Court when the case was heretofore decided, as above referred to, and that the trial court did not err in sustaining the general demurrer to the petition as amended. The plaintiff does not cite any authority holding that a passenger who had a restricted ticket, such as alleged in the amendment to the petition, and who had lost the ticket, was entitled to transportation without producing the ticket when properly so requested or paying fare, nor have I been able to find any such authority. Certain cases and authorities are cited by the plaintiff, to the effect that a railroad or carrier, when not prohibited by statute, may issue a ticket restricted to a certain person and for a particular train or boat, and for a specified time, and, if such a ticket was issued, no person other than the purchaser could use it, and that the carrier would be justified in refusing to honor such a ticket in the hands of any one else. These authorities are not applicable to the present case. The plaintiff here had lost her ticket, and could not produce it when called on by the bus driver when she undertook to board the bus in Montgomery for passage to LaGrange, and she did not offer to pay the fare. It is stated in 13 C. J. S. 1165, § 611, that "A person traveling on a commutation ticket must produce the same when required by the conductor, although known by the latter to be the holder of such a ticket, and if he fails or refuses so to do, he may be required to pay the ordinary fare, or, as will be hereinafter pointed out in § 810, he may be ejected;" and in § 613 it is stated:

"The rule requiring the exhibition of a ticket applies, even though the passenger had a ticket but has lost it; and there is no distinction in the rights of the passenger whether he loses or mislays his ticket before boarding the train or subsequently; or whether he exhibited his ticket to an employee stationed at the door of the car for such purpose. Where a commutation ticket is purchased at a price less than regular fare, and contains a condition requiring it to be presented by the holder to the conductor on each trip, presentation is a condition precedent to the right of the purchaser to be transported on it, and the rule is not changed by the fact of the loss of the ticket." It was ruled in *Harp* v. *Southern Railway Co.,* 119 *Ga.* 927, 929 (supra) : "The fact that one actually purchased a ticket, and that this was known to the agent who sold it, or to the gatekeeper who examined it, or to employees on the train who saw it, would not relieve the passenger of the obligation to surrender it to the conductor. Tickets vary in their terms. Some are good only on certain trains; others only on particular dates; others require validation. The mere fact that the plaintiff has a ticket does not, therefore, necessarily establish his right to be transported on a given train. These matters must be passed on by the conductor, and not by other employees who are not charged with this duty by the company. When the conductor makes his demand, he is entitled to have the ticket surrendered. . . Besides, any rule allowing an excuse as a substitute for a ticket would give rise to so much uncertainty and so many possibilites of fraud that the courts have uniformly held that the failure to pay the fare or produce the ticket warrants an eviction." See *Wilson* v. *Southern Railway Co.,* 143 *Ga.* 189 (84 S. E. 445) ; *Foskey* v. *W. & T. Railroad Co.,* 19 *Ga. App.* 670 (92 S. E. 34).

The allegations of the amendment seeking to charge that the loss of her ticket was due to the acts of the agents of the defendant are the same as in the original petition, and with respect to this question this court held: "It could not reasonably be foreseen by the agents of the carrier in charge of the bus that under the conditions described the passenger would lose her ticket or have it stolen from her after leaving the bus, and before returning for the purpose of completing the journey." The amendment striking from the original petition the allegation that the ticket was stolen does not change the case. The former decision of this court in

this case held that the carrier, under the facts alleged, was justified in refusing to transport the plaintiff, whether she had lost her ticket or it was stolen from her.  The general rule is that a passenger must produce a ticket when called upon to do so by the proper person or pay his fare, and, upon failure to do either, the carrier will be justified in refusing him transportation.  I know of no rule that takes one who has purchased a restricted ticket such as described in the petition out of this general rule, in so far as being entitled to transportation by the carrier when he has lost the ticket, under the circumstances here alleged.  The plaintiff's amendment did not materially aid or change the case she sought to make in the original petition.  The former decision of this court (supra) is the law of the case.  In my opinion, the court did not err in sustaining the defendant's general demurrer to the petition as amended.